**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re                                  :   Chapter 11
                                       :
                                       :   Case No. 25-73095 (AST)
BROADBAND                              :
TELECOM, INC.,                         :
                                       :
        Debtor.                        :
----------------------------------------------------------x
In re                                  :   Chapter 11
                                       :
                                       :   Case No. 25-73096 (AST)
BB SERVICER, LLC.,                     :
                                       :
        Debtor.                        :
----------------------------------------------------------x
In re                                  :
                                       :   Chapter 11
                                       :
BRIDGEVOICE, INC,                      :   Case No. 25-73097 (AST)
                                       :
        Debtor.                        :
----------------------------------------------------------x
In re                                  :
                                       :   Chapter 11
                                       :
CARRIOX TELECAP LLC,                   :   Case No. 25-73098 (AST)
                                       :
                                       :
----------------------------------------------------------x

1

```
-----------------------------------------------------------x
                                                           :    Chapter 11
                                                           :
                                                           :    Case No. 25-73099 (AST)
CARRIOX TOWERCAP LLC,                                      :
                                                           :
                                                           :
           Debtor.                                         :
-----------------------------------------------------------x

                                                           :    Chapter 11 Case
                                                           :
                                                           :    Case No. 25-73100 (AST)
BANKIM BRAHMBHATT,                                         :
                                                           :
           Debtor.                                         :
-----------------------------------------------------------x
```

## STIPULATION AND ORDER SETTING FORTH THE TERMS OF AN AGREEMENT BETWEEN THE DEBTORS, SPVS, BANKIM BRAHMBHATT, AGENT, AND LENDERS

**IT IS HEREBY STIPULATED**, by and between each of the following parties:

A.   The Debtors: Broadband Telecom, Inc. ("Broadband Telecom"); BB Servicer LLC ("BB Servicer"), Bridgevoice, Inc. ("Bridgevoice"); Carriox Telecap LLC ("Carriox Telecap"); and Carriox Towercap, LLC ("Carriox Towercap", and collectively, the "Debtors");

B.   BB Capital SPV, LLC ("BB Capital") and Carriox Capital II, LLC ("Carriox Capital", and collectively, the "SPVs");

C.   Bankim Brahmbhatt ("Brahmbhatt"), solely (i) in his capacity as signatory to the Debtors Resolutions and the SPV Resolutions, and (ii) in his capacity as the sole member, manager, director, or officer, as the case may be, of the Debtors, the SPVs, Carriox Holding LLC and BB Carrier LLC;

D.   EAVF.SLF CC Leverage SPV LLC; EAVF/SLF BB Leverage SPV, LLC, and AVF III US Aggregator, L.P. (the "Lenders" or "Plaintiffs"); and

E.   Alter Domus LLC, the administrative and collateral agent ("Agent").

(collectively, the "Parties", each a "Party").

**WHEREAS**, (i) BB Capital and Carriox Capital, as non-debtor Borrower [1], (ii) Bridgevoice and Broadband Telecom, as Receivable Generators, (iii) BB Servicer, (iv) Carriox Telecap and Carriox Towercap, as Factors, and CC Servicers, (v) Agent, and (vi) the Lenders party thereto entered into that certain Credit Agreement dated as of August 6, 2024 (the "Credit Agreement") providing for a credit facility on the terms and conditions provided therein. Each of the Debtors has jointly and severally guaranteed the due and punctual performance of all Receivables Generator Obligations and Servicer' Obligations pursuant to the Credit Agreement. To secure their obligations under the Credit Agreement, the Borrowers and the Debtors granted to the BB/Carriox Lenders a security interest in substantially all of their assets pursuant to that certain Pledge and Security Agreement, dated as of August 6, 2024 (the "Pledge and Security Agreement"); and

**WHEREAS**, Brahmbhatt signed a certain "Bad Acts Guaranty" to guarantee the obligations under the Credit Agreement; and

**WHEREAS**, on July 21, 2025, the Lenders, with cooperation and approval from Agent, sent a notice pursuant to the Credit Agreement declaring that one or more Events of Default had occurred under Section 8.1 of the Credit Agreement and that one or more Grantor Events of Default had occurred under the terms of the Pledge and Security Agreement; and

**WHEREAS**, on July 23, 2025, Agent gave notice of the occurrence of Events of Default, declared the outstanding Obligations under the Credit Agreement to be due and payable, and demanded immediate payment thereof; and

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the applicable Credit Agreement or Credit Document or the complaint in the DE Chancery Court Action (defined below).

**WHEREAS**, on July 24, 2025, the Lenders commenced an action (the "DE Chancery Court Action") against the SPVs, the Debtors, Brahmbhatt and Jigar Bhatt (collectively, the "Defendants") in the Court of Chancery of the State of Delaware ("Delaware Chancery Court"); and

**WHEREAS**, on August 8, 2025, the Delaware Chancery Court issued a temporary restraining order prohibiting the Debtors and SPVs from, among other things, (i) transferring assets, (ii) purchasing receivables and (iii) transacting any business with a value in excess of $5,000, absent consent from the Lenders; and,

**WHEREAS**, on August 12, 2025, each of the Debtors filed their respective chapter 11 bankruptcy cases before this Bankruptcy Court (the "Chapter 11 Cases"); and

**WHEREAS**, on August 12, 2025, Brahmbhatt filed an individual chapter 11 bankruptcy case before this Bankruptcy Court (the "Brahmbhatt Chapter 11 Case"); and

**WHEREAS**, the Parties have agreed (x) that the Independent Director and the CRO (each has hereinafter defined) shall assume the governance and management of the Debtors and the SPVs as described herein, (y) to resolve certain disputes, including as related to the DE Chancery Court Action and certain discovery orders and deadlines, on the terms and conditions stated therein, and (z) to seek approval of this Stipulation and Agreed Order (this "Stipulation") by this Court.

**NOW, THEREFORE**, the Parties intending to be bound, for good and valuable consideration, hereby stipulate and agree to the following interim terms, all of which is subject to and conditioned upon approval of the Bankruptcy Court:

1.  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.  This Stipulation shall be effective and binding upon the Parties upon (i) execution

by the Parties and (ii) the entry of an order by the Bankruptcy Court approving the terms hereof (the "Effective Date"), and all of the terms, conditions, and provisions hereof shall thereafter be binding upon and inure to the benefit of the Parties hereto, their respective agents, representatives, and successors, and any assigns of the Debtors or SPVs.  In the event the Bankruptcy Court declines to enter an order approving this Stipulation or such order is reversed on appeal, the Stipulation shall be deemed to have no force and effect, without prejudice to the Parties.

3. Subject to approval by the Bankruptcy Court, the Debtors, the SPVs, and Brahmbhatt, in his capacity as the [Confirm] of the Debtors and SPVs only, agree to take all actions necessary or appropriate to cause the election or appointment of Robert Warshauer ("Independent Director") to serve as the sole Director or Manager, as applicable, of each of the Debtors and SPVs, subject to the terms set forth herein.  For avoidance of doubt, the Lenders explicitly consent to the termination of the existing independent manager of the SPVs and the replacement of such independent manager with the Independent Director, and such other consents as necessary to effectuate such provisions hereunder, as applicable;

4. By Thursday, August 21, 2025 at 12:00 noon (Eastern Time), and notwithstanding that the Effective Date may not have occurred, the Debtors' members or shareholders, as applicable, through, Brahmbhatt, in his capacity as manager or managing member the Debtors' members or shareholders, shall duly execute corporate resolutions and/or written actions of shareholders or members (the "Debtors Resolutions") which shall provide that:

(i) the Debtors appoint Independent Director to serve as the sole Director or Manager, as applicable, of each of the Debtors, subject to the terms of an independent manager agreement satisfactory to the Agent and the Lenders ("Independent Manager Agreement"), which shall include, *inter alia*, full authority to manage the Debtors, administer the Debtors' Chapter 11 Cases, pursue and consummate the

5

                sale of the assets of the Debtors, direct counsel and professionals retained by the Debtors, investigate and determine whether to pursue, and pursue, causes of action of the Debtors, and otherwise have the rights, duties and obligations of a debtor in possession in the Chapter 11 cases, together with the right to delegate authority to the CRO (as defined below);

(ii)     the Debtors ratify the engagement of Klestadt Winters Jureller Southard & Stevens, LLP as counsel to the Debtors, subject to approval of the Bankruptcy Court in accordance with sections 327 and 330 of the Bankruptcy Code;

(iii)    the Debtors ratify the engagement of John D. Baumgartner of Getzler Henrich & Associates LLC as the Chief Restructuring Officer ("CRO") in accordance with sections 327 and 330 of the Bankruptcy Code subject to approval of the Bankruptcy Court; and

(iv)    the Debtors ratify the engagement of Getzler Henrich & Associates LLC as the financial advisor to the Debtors ("FA"), subject to approval of the Bankruptcy Court in accordance with sections 327 and 330 of the Bankruptcy Code.

By executing this Stipulation, the signatories to the Debtors Resolutions agree that they shall take no action to revoke or modify the Debtors Resolutions, nor take any corporate action on behalf of the Debtors contrary to the provisions thereof.

        5.     By Thursday, August 21, 2025 at 12:00 noon (Eastern Time), and notwithstanding that the Effective Date may not have occurred, the SPVs' members, through Brahmbhatt, in his capacity as Chief executive officer or managing member of the SPVs' member, as applicable, shall duly execute corporate resolutions and/or written actions of shareholders or members (the "SPV Resolutions", and with the Debtor Resolutions, the "Resolutions") which shall provide that:

(i)     the SPVs appoint Independent Director to serve as the sole Manager for each of the SPVs, subject to the terms of an Independent Manager Agreement satisfactory to the Agent and the Lenders, which shall include, *inter alia*, including, without limitation, (x) that the SPVs will grant the Independent Director sole authority to

      file petitions for relief with the Bankruptcy Court and (y) for the rights, powers and obligations set forth above with respect to the Debtors' Resolutions; and;

 (ii)  the SPVs (a) shall engage Klestadt Winters Jureller Southard & Stevens, LLP as counsel to the SPVs effective immediately; (b) shall engage John D. Baumgartner of Getzler Henrich & Associates LLC as the CRO for the SPVs, effective immediately; and (c) shall employ Getzler Henrich & Associates LLC as the financial advisor to the SPVs, effective immediately.

By executing this Stipulation, the signatories to the SPV Resolutions agree that they shall take no action to revoke or modify the SPV Resolutions, nor take any corporate action on behalf of the SPVs contrary to the provisions thereof.

  6.  The CRO of the Debtors and the SPVs shall act at the sole direction of the Independent Director as set forth in the Independent Manager Agreement. The CRO may only be removed for "Cause". "Cause" shall mean any of the following with respect to the CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Debtors or SPVs; (d) any act of willful misconduct or gross negligence that materially harms the Debtors or the SPVs, or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

  7.  Upon entry of this Stipulation by the Bankruptcy Court, the CRO shall, among other responsibilities and actions: (i) promptly take all necessary or appropriate actions to secure access to and control over the books and records of the Debtors and the SPVs, including by terminating the access of any present or former officer, director or employee of the Debtors and the SPVs as the CRO may determine; and (iii) as soon as practicable, prepare a workstream plan and 13-week

financial projections for the Debtors and the SPVs, which shall be provided to (a) the Independent Director, (b) the Lenders and the Agent, and (c) counsel for the Debtors and Brahmbhatt.

8.   The CRO shall provide progress reports to the Independent Director (via Zoom meetings or other agreed means of communications so determined by the Independent Director) as reasonably requested by the Independent Director, with the participation of the Lenders at the Independent Director's discretion. In addition, the CRO shall provide Brahmbhatt with progress reports regarding the status of operations and business projections upon his reasonable request and as may be appropriate under the circumstances.

9.   The Independent Director, in consultation with the CRO and the SPVs' professionals, shall promptly take into consideration the filing of chapter 11 bankruptcy cases by the SPVs and provide status reports to the Lenders and the Agent and counsel to Brahmbhatt with respect to any decisions thereon.

10.   The Lenders agree to negotiate in good faith with the Debtors, the SPVs, the Independent Director and the CRO regarding the terms of a stipulation authorizing the use of the Lenders' cash collateral, in accordance with Bankruptcy Code section 363, in the Chapter 11 Cases by the Debtors, and in any bankruptcy cases filed by the SPVs, which may provide for, among other things, use of cash collateral to pay the approved professional fees of the Debtors and the SPVs, the compensation of the Independent Director, and necessary payroll and other expense of the administration of the estates of the Debtors and, if applicable, the SPVs, for an agreed period on agreed terms and conditions, and to pay for reasonable premiums for appropriate directors and officers insurance for the Debtors and for the SPVs if they file bankruptcy cases.

11.   In furtherance of the above, Brahmbhatt, sole member, manager, director, or officer, as the case may be, of the Debtors and SPVs, agrees to take all necessary steps to cooperate

with and effectuate the foregoing terms specified in this Stipulation as may be requested by the Independent Director or CRO, including without limitation, executing resolutions and/or written actions of shareholders or members, as necessary, including, without limitation, to effectuate the appointment of the Independent Director as set forth in paragraphs 4 and 5 hereof and any actions taken by the Independent Director or CRO.

12. The Lenders shall agree to adjourn, and take all actions necessary to adjourn, (i) all existing deadlines as of August 15, 2025, in the DE Chancery Court Action, until September 2, 2025, as may be further extended upon written agreement of the Parties (the "Interim Extension Period") and (ii) the deposition of Jigar Bhatt (previously scheduled for August 20, 2025) until September 9, 2025. The Parties agree to continue good faith discussions regarding such extensions including, without limitation, any further extensions of deadlines as may be deemed advisable based upon the Parties compliance with the terms hereof.

13. Except as set forth herein, all Parties reserve all rights, claims, defenses, objections or arguments including with respect to the DE Chancery Court Action and for avoidance of doubt any right to seek removal of the DE Chancery Court Action or any assertion of the automatic stay with respect thereto, and nothing contained herein shall be deemed a waiver or release of any such rights, claims, defenses, objections or arguments, except as to the express terms set forth in this Stipulation.

14. Each Party acknowledges that it has read and understands this Stipulation and that it has had the opportunity to consult with its attorneys before signing this Stipulation. Each Party agrees that no consents or approvals are necessary for their entering into this Stipulation, other than by the Bankruptcy Court, and that there are no other restrictions for their entering into this Stipulation.

15. This Stipulation constitutes the entire agreement between the Parties and overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter hereof.  No modification of this Stipulation shall be valid unless it is in writing identified as an amendment to the So Ordered Stipulation and is signed by all Parties hereto or their counsel.

16. This Stipulation is governed by and shall be construed in accordance with the laws of the State of New York (or United States federal law, to the extent applicable), including any applicable statutes of limitation, without regard to any otherwise applicable principles of conflicts of law or choice of law rules (whether of the State of New York or any other jurisdiction) that would result in the application of the substantive or procedural rules or law of any other jurisdiction.  The Bankruptcy Court shall retain jurisdiction to hear any disputes regarding this Stipulation.

17. Each Party shall bear its own costs and expenses, including any and all legal and expert fees, incurred in connection with this Stipulation

18. This Stipulation may be executed in multiple counterparts (including via facsimile or electronic mail), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

*SIGNATURE PAGES TO FOLLOW*

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed as of the day and year first above written.

THE DEBTORS:

BROADBAND TELECOM, INC.

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

BB SERVICER LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

BRIDGEVOICE, INC.

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

CARRIOX TELECAP LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

CARRIOX TOWERCAP LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

        BANKIM BHRAMBHATT

        */s/*

solely (i) in his capacity as signatory to the Debtors Resolutions and the SPV Resolutions, and (ii) in his capacity as the sole member, manager, director, or officer, as the case may be, of the Debtors, the SPVs, Carriox Holding LLC and BB Carrier LLC

THE SPVS:

BB CAPITAL SPV, LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer


CARRIOX CAPITAL II LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer


NON-DEBTOR AFFILIATES:
**[*By signing below, BB Carrier LLC and Carriox Holding LLC Acknowledge and Agree Only to Paragraphs 4 and 5 of the Stipulation*]**

BB CARRIER LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer


CARRIOX HOLDING LLC

By: _____/s/_____
Name: Bankim Brahmbhatt
Title: Chief Executive Officer

LENDERS:

EAVF/SLF BB LEVERAGE SPV, LLC

By: _____
Name: Jonathan Ashley
Title: MD


EAVF/SLF CC LEVERAGE SPV, LLC

By: _____
Name: Jonathan Ashley
Title: MD


AVF III US AGGREGATOR, L.P.

By: _____
Name: Jonathan Ashley
Title: MP

THE AGENT:

                                          ALTER DOMUS, LLC
                                          as Administrative Agent and
                                          Collateral Agent

                                          By: _____
                                          Name: Pinju Chiu
                                          Title:   Associate Counsel

SO ORDERED:

Dated: August __, 2025

                                            _____
                                            HON. ALAN S. TRUST
                                            CHIEF UNITED STATES BANKRUPTCY JUDGE