# WRITTEN CONSENT
# OF THE MEMBERS OF
# BB CAPITAL SPV, LLC

THE UNDERSIGNED, being the Members ("Members") of BB CAPITAL SPV, LLC, a limited liability company organized under the laws of Delaware (the "Company"), do hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Members:

WHEREAS, the Members have reviewed the Stipulation and Order Setting Forth the Terms of an Interim Agreement Between the Debtors, SPVs, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Lenders, regarding the administration of the Company's affiliates Chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court");

NOW THEREFORE, BE IT RESOLVED, the Company be, and hereby is, authorized to execute the Stipulation and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the terms of the Stipulation;

RESOLVED FURTHER, Jiggar Bhatt is hereby removed as the Manager of the Company;

RESOLVED FURTHER, Kristen E. Eppes is hereby removed as the Independent Manager in accordance with Section 6.1.2 of the Amended and Restated Limited Liability Company Agreement of BB Capital SPV, LLC, dated September 25, 2020 (the "LLC Agreement") with the written consent of the Administrative Agent (as defined in the LLC Agreement) on behalf of the Lenders (as defined in the LLC Agreement).

RESOLVED FURTHER, Robert Warshauer is hereby appointed to the Board of Managers of the Company as an Independent Manager (the "Independent Manager") with the written consent of the Administrative Agent on behalf of the Lenders, pursuant to the terms of that certain Independent Director Agreement, dated August 20, 2025, by and between the Company, Broadband Telecom, Inc., BB Servicer LLC, Bridgevoice, Inc. Carriox Telecap LLC, Carriox Towercap LLC, Carriox Capital II, LLC, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Robert Warshauer;

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company in accordance with Section 6 of the LLC Agreement, without the need to obtain the consent of the Member

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company in accordance with Section 6 of the LLC Agreement, without the need to obtain the consent of the Members.

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to determine whether the Company shall commence a bankruptcy case by filing a

1

voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York (a "Chapter 11 Case");

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to execute and file a voluntary Chapter 11 bankruptcy petition on behalf of the Company if he determines such acts to be in the best interests of the Company;

RESOLVED FURTHER, in the event the Independent Manager determines that the Company shall commence a Chapter 11 Case, the Independent Manager is hereby empowered and shall have sole authority to manage the Company's Chapter 11 Case, except as set forth herein, without the need to obtain the consent of the Members, and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Manager are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization, including without limitation executing asset purchase agreements, plans and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity (v) to determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Manager shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company;

RESOLVED FURTHER, the Independent Manager is empowered and hereby authorized to delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Manager's sole discretion, without the need to obtain the consent of the Members;

RESOLVED FURTHER, the Independent Manager shall not have authority to terminate the engagement of John Baumgartner as the CRO of the Company without the written consent of the Members unless "Cause" exists for such termination. "Cause" shall mean any of the following

with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company;

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage Getzler Henrich LLP as financial advisors to the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Independent Manager, the Independent Manager (and his delegates) are hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case in the Independent Manager's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

3

IN WITNESS WHEREOF, the undersigned, being the members of the Company, do hereby execute this consent as of August 20, 2025.

BROADBAND TELECOM, INC.

By:_____
  Bankim Brahmbhatt, solely in
  his capacity as Chief Executive
  Officer and President

BRIDGEVOICE, INC.

By:_____
  Bankim Brahmbhatt, solely in
  his capacity as Chief Executive
  Officer and President

**WRITTEN CONSENT**
**OF THE MEMBERS OF**
**BB CAPITAL SPV, LLC**

THE UNDERSIGNED, being the Members ("Members") of BB CAPITAL SPV, LLC, a limited liability company organized under the laws of Delaware (the "Company"), do hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Members:

WHEREAS, the Members have reviewed the Stipulation and Order Setting Forth the Terms of an Interim Agreement Between the Debtors, SPVs, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Lenders, regarding the administration of the Company's affiliates Chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court");

NOW THEREFORE, BE IT RESOLVED, the Company be, and hereby is, authorized to execute the Stipulation and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the terms of the Stipulation;

RESOLVED FURTHER, Jiggar Bhatt is hereby removed as the Manager of the Company;

RESOLVED FURTHER, Kristen E. Eppes is hereby removed as the Independent Manager in accordance with Section 6.1.2 of the Amended and Restated Limited Liability Company Agreement of BB Capital SPV, LLC, dated September 25, 2020 (the "LLC Agreement") with the written consent of the Administrative Agent (as defined in the LLC Agreement) on behalf of the Lenders (as defined in the LLC Agreement).

RESOLVED FURTHER, Robert Warshauer is hereby appointed to the Board of Managers of the Company as an Independent Manager (the "Independent Manager") with the written consent of the Administrative Agent on behalf of the Lenders, pursuant to the terms of that certain Independent Director Agreement, dated August 20, 2025, by and between the Company, Broadband Telecom, Inc., BB Servicer LLC, Bridgevoice, Inc. Carriox Telecap LLC, Carriox Towercap LLC, Carriox Capital II, LLC, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Robert Warshauer;

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company in accordance with Section 6 of the LLC Agreement, without the need to obtain the consent of the Member

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company in accordance with Section 6 of the LLC Agreement, without the need to obtain the consent of the Members.

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to determine whether the Company shall commence a bankruptcy case by filing a

1

voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York (a "Chapter 11 Case");

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to execute and file a voluntary Chapter 11 bankruptcy petition on behalf of the Company if he determines such acts to be in the best interests of the Company;

RESOLVED FURTHER, in the event the Independent Manager determines that the Company shall commence a Chapter 11 Case, the Independent Manager is hereby empowered and shall have sole authority to manage the Company's Chapter 11 Case, except as set forth herein, without the need to obtain the consent of the Members, and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Manager are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization, including without limitation executing asset purchase agreements, plans and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity (v) to determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Manager shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company;

RESOLVED FURTHER, the Independent Manager is empowered and hereby authorized to delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Manager's sole discretion, without the need to obtain the consent of the Members;

RESOLVED FURTHER, the Independent Manager shall not have authority to terminate the engagement of John Baumgartner as the CRO of the Company without the written consent of the Members unless "Cause" exists for such termination. "Cause" shall mean any of the following

2

with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company;

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage Getzler Henrich LLP as financial advisors to the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Independent Manager, the Independent Manager (and his delegates) are hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case in the Independent Manager's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

IN WITNESS WHEREOF, the undersigned, being the members of the Company, do hereby execute this consent as of August 20, 2025.

BROADBAND TELECOM, INC.

By:_____

Bankim Brahmbhatt, solely in
his capacity as Chief Executive
Officer and President

BRIDGEVOICE, INC.

By:_____

Bankim Brahmbhatt, solely in
his capacity as Chief Executive
Officer and President

**WRITTEN CONSENT
OF THE SOLE MEMBER OF
BB SERVICER, LLC**

THE UNDERSIGNED, being the sole Member ("Member") of BB SERVICER, LLC, a limited liability company organized under the laws of Delaware (the "Company"), does hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Member:

WHEREAS, the Member has reviewed the Stipulation and Order Setting Forth the Terms of an Interim Agreement Between the Debtors, SPVs, Bankim Brahmbhatt in his capacity as an officer of the Company, and Lenders, regarding the administration of the Company's Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") , Chapter 11 Case No.: 25-73096 (AST) (the "Chapter 11 Case");

NOW THEREFORE, BE IT RESOLVED, the Company be, and hereby is, authorized to execute the Stipulation and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the terms of the Stipulation;

RESOLVED FURTHER, effective immediately upon execution of this Resolution, Bankim Brahmbhatt shall be deemed to have resigned as a Manager and President of the Company;

RESOLVED FURTHER, Robert Warshauer is hereby appointed to the Board of Managers of the Company as an Independent Manager (the "Independent Manager") pursuant to the terms of that certain Independent Director Agreement, dated August 20, 2025, by and between the Company, Broadband Telecom, Inc., Bridgevoice, Inc. Carriox Telecap LLC, Carriox Towercap LLC, BB Capital SPV, LLC, Carriox Capital II, LLC, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Robert Warshauer;

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company in accordance with Section 6 of the Limited Liability Company Agreement of BB Servicer, LLC, dated August 25, 2020, without the need to obtain the consent of the Member.

RESOLVED FURTHER, the Independent Manager is hereby empowered and granted sole authority to manage the Company's Chapter 11 Case, except as set forth herein, without the need to obtain the consent of the Member., and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Manager are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization,

1

including without limitation executing asset purchase agreements, plans and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity (v) to determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Manager shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, the Company's engagement of John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company, upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between Getzler Henrich LLP ("GH") and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Manager is empowered and hereby authorized to delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Manager's sole discretion, without the need to obtain the consent of the Member;

RESOLVED FURTHER, the Independent Manager shall not have authority to terminate the engagement of John Baumgartner as the CRO of the Company without the written consent of the Member unless "Cause" exists for such termination. "Cause" shall mean any of the following with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e ) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

RESOLVED FURTHER, the Company's engagement of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company, upon the terms set forth in that certain Letter Agreement dated as of August 7, 2025, between KWJS&S and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Manager is empowered, hereby authorized and directed to engage Getzler Henrich LLP as financial advisors to the Company upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between GH and the Company;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken to date by the CRO and KWJS&S in connection with the Chapter 11 Case, or any matter related thereof, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Independent Manager, the Independent Manager (and his delegates) are hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case in the Independent Manager's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

IN WITNESS WHEREOF, the undersigned, being the sole Member of the Company, does hereby execute this consent as of August 20, 2025.

BB CARRIER LLC, Sole Member

By: BB CARRIER HOLDING LLC, in its capacity as Managing Member of BB Carrier LLC

By: _____

Bankim Brahmbhatt, solely in his capacity as Manager of BB Carrier Holding, LLC

**WRITTEN CONSENT**
**OF THE SOLE SHAREHOLDER OF**
**BRIDGEVOICE, INC.**

THE UNDERSIGNED, being the sole shareholder ("Shareholder") of BRIDGEVOICE, INC., a corporation organized under the laws of Delaware (the "Company"), does hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Shareholder:

WHEREAS, the Shareholder has reviewed the Stipulation and Order Setting Forth the Terms of an Interim Agreement Between the Debtors, SPVs, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Lenders, regarding the administration of the Company's Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Chapter 11 Case No.: 25-73097 (AST) (the "Chapter 11 Case");

NOW THEREFORE, BE IT RESOLVED, the Company be, and hereby is, authorized to execute the Stipulation and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the terms of the Stipulation;

RESOLVED FURTHER, effective immediately upon execution of this Resolution, Bankim Brahmbhatt shall be deemed to have resigned as a Director of the Company and as the Chief Executive Officer of the Company;

RESOLVED FURTHER, Robert Warshauer is hereby appointed to the Board of Directors of the Company as an Independent Director (the "Independent Director") pursuant to the terms of that certain Independent Director Agreement, dated August 20, 2025, by and between the Company, Broadband Telecom, Inc., BB Servicer LLC, Carriox Telecap LLC, Carriox Towercap LLC, BB Capital SPV, LLC, Carriox Capital II, LLC, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Robert Warshauer;

RESOLVED FURTHER, the Independent Director is hereby empowered and granted sole authority to manage the Company in accordance with Article II of the Company's By-Laws, without the need to obtain the consent of the shareholder.

RESOLVED FURTHER, the Independent Director is hereby empowered and granted sole authority to manage the Company's Chapter 11 Case, except as set forth herein, without the need to obtain the consent of the shareholder., and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Director are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of

1

reorganization, including without limitation executing asset purchase agreements, plans and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity, (v) to determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Director shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, the Company's engagement of John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company, upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between Getzler Henrich LLP ("GH") and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Director is empowered and hereby authorized to delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Director's sole discretion, without the need to obtain the consent of the Shareholder;

RESOLVED FURTHER, the Independent Director shall not have authority to terminate the engagement of John Baumgartner as the CRO of the Company without the written consent of the Shareholder unless "Cause" exists for such termination. "Cause" shall mean any of the following with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee .

RESOLVED FURTHER, the Company's engagement of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company, upon the terms set forth in that certain Letter Agreement dated as of August 7, 2025, between KWJS&S and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Director is empowered, hereby authorized and directed to engage Getzler Henrich LLP as financial advisors to the Company upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between GH and the Company;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken to date by the CRO and KWJS&S in connection with the Chapter 11 Case, or any matter related thereof, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Independent Director, the Independent Director (and his delegates) are hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case in the Independent Director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

IN WITNESS WHEREOF, the undersigned, being the sole Shareholder of the Company, does hereby execute this consent as of August 20, 2025.

BB CARRIER LLC, Sole Shareholder

By: BB CARRIER HOLDING LLC, in its capacity as Managing Member of BB Carrier LLC

By: _____

Bankim Brahmbhatt, solely in
his capacity as Manager of BB
Carrier Holding, LLC

4

**WRITTEN CONSENT**
**OF THE SOLE SHAREHOLDER OF**
**BROADBAND TELECOM, INC.**

THE UNDERSIGNED, being the sole shareholder ("Shareholder") of BROADBAND TELECOM, INC., a corporation organized under the laws of California (the "Company"), does hereby consent to the taking of the following actions, and adopts by written consent (the or this "Consent") the following resolutions with the same force and effect as if adopted at a duly constituted meeting of the Shareholder:

WHEREAS, the Shareholder has reviewed the Stipulation and Order Setting Forth the Terms of an Interim Agreement Between the Debtors, SPVs, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Lenders, regarding the administration of the Company's Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") , Chapter 11 Case No.: 25-73095 (AST) (the "Chapter 11 Case");

NOW THEREFORE, BE IT RESOLVED, the Company be, and hereby is, authorized to execute the Stipulation and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the terms of the Stipulation;

RESOLVED FURTHER, effective immediately upon execution of this Resolution, Bankim Brahmbhatt shall be deemed to have resigned as a Director of the Company and as the Chief Executive Officer of the Company;

RESOLVED FURTHER, Robert Warshauer is hereby appointed to the Board of Directors of the Company as an Independent Director (the "Independent Director") pursuant to the terms of that certain Independent Director Agreement, dated August 20, 2025, by and between the Company, BB Servicer LLC, Bridgevoice, Inc. Carriox Telecap LLC, Carriox Towercap LLC, BB Capital SPV, LLC, Carriox Capital II, LLC, Bankim Brahmbhatt, in his capacity as an officer of the Company, and Robert Warshauer;

RESOLVED FURTHER, the Independent Director is hereby empowered and granted sole authority to manage the Company in accordance with Article II of the Company's By-Laws, without the need to obtain the consent of the shareholder.

RESOLVED FURTHER, the Independent Director is hereby empowered and granted sole authority to manage the Company's Chapter 11 Case, except as set forth herein, without the need to obtain the consent of the shareholder., and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Company's Chapter 11 Case, including without limitation, (i) pursuing and consummating any sale or sales of the Company's assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Company any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Director are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Company's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of

1

reorganization, including without limitation executing asset purchase agreements, plans and related documents, (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Case, (iii) to determine whether to investigate potential causes of action of the Company against any person or entity, (iv) to determine whether to commence causes of action against any person or entity (v) to determine whether to retain any additional professionals, (vi) to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Director shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

RESOLVED FURTHER, the Company's engagement of John D. Baumgartner as the Chief Restructuring Officer (the "CRO") of the Company, upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between Getzler Henrich LLP ("GH") and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Director is empowered and hereby authorized to delegate any or all authority to manage the Company's operations and to manage the Company's Chapter 11 Case to the CRO, at the Independent Director's sole discretion, without the need to obtain the consent of the Shareholder;

RESOLVED FURTHER, the Independent Director shall not have authority to terminate the engagement of John Baumgartner as the CRO of the Company without the written consent of the Shareholder unless "Cause" exists for such termination. "Cause" shall mean any of the following with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

RESOLVED FURTHER, the Company's engagement of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as general bankruptcy counsel for the Company, upon the terms set forth in that certain Letter Agreement dated as of August 7, 2025, between KWJS&S and the Company is hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, the Independent Director is empowered, hereby authorized and directed to engage Getzler Henrich LLP as financial advisors to the Company upon the terms set forth in that certain Letter Agreement dated as of August 12, 2025, between GH and the Company;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken to date by the CRO and KWJS&S in connection with the Chapter 11 Case, or any matter related thereof, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Independent Director, the Independent Director (and his delegates) are hereby empowered, authorized, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case in the Independent Director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that any and all acts authorized pursuant to, and performed prior to the execution of, this Consent in furtherance of these resolutions are hereby ratified and approved; and

IN WITNESS WHEREOF, the undersigned, being the sole Shareholder of the Company, does hereby execute this consent as of August 20, 2025.

BB CARRIER LLC, Sole Shareholder

By: BB CARRIER HOLDING LLC, in its capacity as Managing Member of BB Carrier LLC

By:_____

Bankim Brahmbhatt, solely in his capacity as Manager of BB Carrier Holding, LLC