**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re                                                  :

                                                       :          Chapter 11

BROADBAND TELECOM, INC., *et al.*, [1]   :

                                                       :          Case No. 25-73095 (AST)

                                                       :          (Joint Administration Requested)

                                                       :

                          Debtors.          :

---------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION TO APPROVE (I) RETENTION AND EMPLOYMENT OF ROBERT WARSHAUER AS INDEPENDENT DIRECTOR TO THE DEBTORS *NUNC PRO TUNC* TO AUGUST 21, 2025; (II) RETENTION AND EMPLOYMENT OF JOHN D. BAUMGARTNER AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATES; AND (II) APPROVING AND SO ORDERING PROPOSED STIPULATION SETTING FORTH THE TERMS OF AN AGREEMENT BETWEEN THE DEBTORS, SPVs, BANKIM BRAHMBHATT, AGENT, AND LENDERS

Upon the motion[2] of the debtors and debtors in possession (collectively, the "Debtors") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their  undersigned counsel,

respectfully submit this motion (the "Motion**"**), pursuant to sections 105(a) and 363(b) of title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), for the entry of an order

authorizing and approving (i)  retention and employment of Robert Warshauer as Independent Director

of the Debtors *nunc pro tunc* to August 21, 2025; (ii) retention and employment of John D. Baumgartner

as chief restructuring officer of the Debtors, *nunc pro tunc*  to the Petition Date; and (ii) approving and

so ordering a proposed stipulation (the "Stipulation") setting forth the terms of an agreement between

the Debtors, certain of their affiliates, Brahmbhatt**,** Agent and Lenders, and granting related relief, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4) Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930).  The location of the Debtor Broadband Telecom, Inc.'s principal place of business is 100 Quintin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the Debtors' service addresses in these Chapter 11 Cases is the same.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

1

the Baumgartner Declaration the Warshauer Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and the hearing to consider the Application was sufficient under the circumstances; and this Court being satisfied with the representations made in the Application, the Baumgartner Declaration, and the Warshauer Declaration that Getzler Henrich & Associates, Baumgartner and Warshauer do not hold nor represent any interest adverse to the estates; and a hearing having been held on August [__], 2025 before the Court; and after due deliberation; and the Court determined that the relief requested in the Application is: (a) authorized under the Debtors' operating agreements, applicable state law**,** and the Bankruptcy Code, as provided in the Debtors Resolutions ; (b) necessary and essential for the Debtors' reorganization; and (c) in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Stipulation is approved, and the parties to the Stipulation are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary to consummate the Stipulation, including, without limitation, the Debtors Resolutions and the SPV Resolutions.

3.    The Debtors are hereby authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rules 2016-1, to (I) employ and retain

Robert Warshauer as their sole director or manager, as applicable (in such capacity, the "<u>Independent</u> <u>Director</u>"), effective, *nunc pro* tunc as of August 20, 2025 in accordance with the terms and conditions set forth in the Independent Director Agreement, (II) retain and employ of John D. Baumgartner as chief restructuring officer of the Debtors, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, and hereof; provided that in the event of any inconsistency between the Engagement Letter, the Independent Manager Agreement, and this Order, this Order shall govern over both of the engagement letters.

### I. The Independent Director Appointment

4.     The appointment of Mr. Warshauer as the Independent Director is hereby approved as set forth herein.

> a) The Independent Director shall serve as the sole director or manager, as applicable, for each of the Debtors and the SPVs, and have all rights and obligations, and provide those oversight services required, of an independent director or manager under each of the Debtors' and SPVs respective corporate organizational agreements (as may be amended from time to time including pursuant to the Debtors Resolutions and the SPV Resolutions the "<u>Operating Agreements</u>").

> b) The Independent Director shall manage the Chapter 11 Cases in the same manner as a director or manager of a debtor in possession and, in the case of the SPVs shall have the sole power and authority to determine if and when to commence bankruptcy cases on behalf of the SPVs.  In furtherance of the foregoing, the Independent Director is hereby empowered and granted sole authority to manage the Debtors' Chapter 11 Cases, except as set forth herein, and to take such actions as he deems necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the Debtors' Chapter 11 Cases, including without limitation, (i) pursuing and consummating any sale or sales of the Debtors' assets he deems necessary or appropriate, developing, negotiating, confirming and performing under a bankruptcy plan of reorganization, and negotiating, executing and delivering on behalf of the Debtors any and all agreements, instruments and related documents that, in the judgment and discretion of the Independent Director are necessary, appropriate, advisable or desirable for pursuing and consummating such sale or sales of the Debtors' assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization, including without limitation executing asset purchase agreements, plans and related documents,  (ii) to develop and effectuate an appropriate budget for the administration of the Chapter 11 Cases, (iii) to determine whether to investigate potential causes of action of the Debtors and their respective estates against any person or entity, (iv) to determine whether to commence and pursue any such causes of action against any person or

entity (v) to determine whether to retain any additional professionals, (vi) to cause the Debtors to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and (v) to incur all such fees and expenses and to take such other action, as in the judgment of the Independent Director shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Cases, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions (collectively, the "Independent Director Services").

c)   The Independent Director shall have the right to delegate authority to the Chief Restructuring Officer ("CRO"), including to manage the day-to-day operations of the Debtors, take all actions necessary or appropriate to secure access to and control over the books and records of the Debtors, provide progress reports to the Independent Director as requested, provide a workstream plan and 13-week financial projections for the Debtors, and perform similar tasks of a chief restructuring officer in Chapter 11 bankruptcy cases.  The CRO shall act at the sole direction of the Independent Director.[3]  It is intended that the Independent Director shall consult with the CRO with respect to decision-making in the operations of the Debtors, any investigations of the Debtors' affairs, and bankruptcy case-related matters.

d)   The Independent Director shall not have authority to terminate the engagement of the CRO of the Company unless "Cause" exists for such termination. "Cause" shall mean any of the following with respect to the termination of John Baumgartner as CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Company or any of its affiliates; (d) any act of willful misconduct or gross negligence that materially harms the Company or any of its affiliates; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds.

e)   The Independent Director will be  the sole Manager, independent or otherwise, of the Debtors during the term of his appointment, absent further order of the Bankruptcy Court, and shall have sole and exclusive authority of a manager as defined under the Debtors' Operating Agreements, and the current independent manager for the SPVs,

---

[3]   Pursuant to the Stipulation, the CRO may only be removed for "Cause". "Cause" shall mean any of the following with respect to the CRO: (a) a conviction for, or entering a plea of *nolo contendere* to, a charge of a felony (other than any motor vehicle offense); (b) fraud; (c) misappropriation of funds or property of the Debtors or SPVs; (d) any act of willful misconduct or gross negligence that materially harms the Debtors or the SPVs; or (e) by order of the Bankruptcy Court after notice and a hearing, in the event of fraud, dishonesty, incompetence, or gross mismanagement of the Debtors or any other basis constituting grounds for the appointment of a Chapter 11 trustee.

Kristine E. Eppes, shall be deemed terminated.

f) The Independent Director shall not take any instructions or orders from, and will not in any way act on behalf of the Debtors' former management, or anyone acting on their behalf, including, but not limited to, the Debtors, any non-Debtor affiliates, each of their respective direct or indirect partners, managers, members, employees, agents, servants, attorneys, accountants, advisors, representatives, assigns, officers, managers, members, divisions, and certificate holders, and the managers, officers, and members then in existence under the Debtors' Operating Agreements immediately prior to the Appointment Date and entry of this Order.

## II. CRO Appointment and Protocol

5.    Mr. Baumgartner is hereby appointed as CRO for the Debtors effective *nunc pro tunc* as of the Petition Date (the "**Appointment Date**").

6.    The CRO shall report only to the Independent Director and shall provide such turnaround management services as he and the Debtors, through the Independent Director, deem appropriate, including, but not limited to, the following:

a) Assess, monitor, and manage operations and recommend and implement the restructuring or wind down of operations as appropriate;

b) Oversee any Section 363 sale process;

c) Assist with the preparation of Court motions as requested by counsel;

d) Assist with compliance with the reporting requirements of the Bankruptcy Code, the Bankruptcy Rules, and local rules, including preparation of reports, monthly operating statements, and schedules;

e) Assist with the preparation of business plans and financial projections, and analysis of alternative operating scenarios;

f) Participate in Court hearings and, if necessary, provide testimony in connection with any hearings before the Court;

g) Consult with all other retained parties, secured lender (if any), creditors' committee (if any), and other parties-in-interest;

h) Assist the Independent Director with the investigation and pursuit of potential causes of action of the Debtors and their respective estates and of the SPVs and, if they become debtors under the Bankruptcy Code, their respective estates;

i) Assist with the analysis and reconciliation of claims against the Debtors and bankruptcy avoidance actions;

j) Manage and control access to the Debtor's bank accounts, including having signatory authority;

k) Conduct a review and forensic accounting of the Debtors' historic operations and books and records; and

l) Perform such other tasks as appropriate and as may reasonably be requested by the Debtor's management, independent director or counsel and agreed to by Getzler Henrich.

7. The CRO shall be employed at the cost and expense of the Debtors' estates pursuant to and subject to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules effective as of the Appointment Date.

### III.   Jurisdiction and Authority of This Court

8. This Court has jurisdiction over matters related to this Order pursuant to 28 U.S.C. §§ 1334 and 157(b).

9. The matters covered by this Order constitute core proceedings pursuant to 28 U.S.C. § 157(b)

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. This Court shall retain jurisdiction to hear and determine all disputes and matters concerning interpretation and implementation of this Order.

12. The Independent Director and CRO shall be compensated for their services and reimbursed for any related expenses in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Engagement Letter and the Independent Manager Agreement, subject to the terms hereof.

13. The Engagement Letter and Independent Director Agreement are incorporated herein by reference and approved in all respects, except as otherwise set forth or modified herein.

14. Pursuant to the Engagement Letter, the fee for the CRO services will be Mr.

Baumgartner's standard hourly rates of $825 per hour, and include the services performed by Mr. Baumgartner only. Additional Getzler Henrich personnel assisting Mr. Baumgartner will be billed at Getzler Henrich's standard hourly rates as follows:

| PERSONNEL | HOURLY BILLING RATE |
|---|---|
| Principal/Managing Director | $735 - $895 |
| Director/Specialist | $595 - $795 |
| Associate Professionals | $225 - $595 |

15.    The Debtors shall also reimburse Mr. Baumgartner for reasonable out-of-pocket expenses incurred in connection with the performance of its services. Such expenses include, but are not limited to air travel, meals, local transportation, lodging, parking, delivery services, and photocopying.

16.    Pursuant to the Independent Director Agreement, the Independent Director is an independent contractor and will not be deemed an employee of the Debtors for purposes of employee benefits, income tax withholding, F.I.C.A taxes, unemployment benefit or otherwise.

17.    The Debtors are authorized to pay the Independent Director $45,000 per month, commencing on August 21, 2025, payable on the first business day of each month, plus reimbursement of reasonable out-of-pocket expenses incurred in connection with Independent Director Services rendered by the Independent Director

18.    The CRO and the Independent Director are not required to submit interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but the CRO shall submit monthly invoices to the Debtors, which the Debtors shall timely provide to (a) the Lender sand Agent, (b) the United States Trustee and (c) any official committee appointed in the Debtors' Chapter 11 cases, and the Debtors are hereby authorized to pay, in the ordinary course of business and in accordance with the terms of this Order, all reasonable amounts invoiced by the Independent Director and the CRO for fees and expenses. The Independent Director and the CRO shall be required to submit a final fee application pursuant to sections 330 and 331 of the Bankruptcy Code.

19.    The CRO shall file reports of compensation earned and expenses incurred on a monthly basis ("Compensation Reports") in the Bankruptcy Court (i.e., on the docket of these chapter 11 cases) and provide notice of the same to: (i) the office of the United States Trustee,

-8-

and (ii) counsel for any official committee appointed in these cases and (iii) counsel to the Lenders and Agent (collectively, the "Notice Parties") Compensation reports shall summarize the services provided and identify the compensation earned and expenses incurred by the CRO. The Notice Parties shall have 10 days after the date each Compensation Report is served upon them to file an objection with the Court. Such compensation and expenses will be subject to Court review in the event an objection is filed.

20.   Each month, the CRO shall file with the Court (and serve copies to the Notice Parties) a report reflecting the GH personnel that worked on the engagement for the previous month ("Staffing Reports"). Staffing Reports shall include the names of all full-time and part-time GH personnel that provided services in these Chapter 11 Cases during the prior month and each individual's hourly billing rate. The Notice Parties shall have 10 days after the date each Staffing Report is served upon them to file an objection with the Court. The Staffing Reports and the CRO's staffing decisions will be subject to review by the Court in the event an objection is filed.

21.   The Compensation Reports and Staffing Reports submitted by the CRO shall be subject to the same review standards for reasonableness set forth in section 330 of the Bankruptcy Code used to evaluate fee applications of professionals retained under section 327 of the Bankruptcy Code.

22.   GH shall apply the Retainer as a credit towards postpetition fees and expenses incurred by the CRO from and after the Appointment Date, after such postpetition fees and expenses incurred from and after the Appointment Date become payable pursuant to the terms of this Order, and GH shall be entitled to seek an additional retainer from the Debtors in the amount of $150,000.

23.    If the Debtors request the CRO to perform any services other than (a) as provided for in his respective engagement letter, or (b) directly related thereto and provided without additional fees, the Debtors shall apply for an order approving those additional services and fees.

24.    None of the fees payable to the Independent Debtor or CRO shall constitute a "bonus" or fee enhancement under applicable law.

25.    The Debtors are permitted to indemnify and limit the liability of the Independent Director and the CRO on the same terms as historically provided to the Debtors' other officers and managers under the operating agreements and applicable state law, individually and as specifically provided in (a) the Engagement Letter or (b) the Independent Manager Agreement, along with insurance coverage under director and officer insurance policies, provided, however, any such indemnification shall be subject to paragraph 26 hereof.

26.    There shall be no indemnification of the GH hourly staff working on these chapter 11 cases

27.    The CRO shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in these chapter 11 Cases.

28.    For a period of three years after the conclusion of the engagement, the Independent Director and CRO shall not make any investments in the Debtors, non-debtor affiliates of the Debtors, or the reorganized Debtors.

29.    All requests for the payment of indemnification as set forth in the Engagement Letter and Independent Manage Agreement shall be made by means of an application to the Court and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, and in no case shall an indemnified person be indemnified if any losses, claims, damages, liabilities or expenses are finally determined by this Court or another

-10-

court of competent jurisdiction to have resulted from such indemnified person's gross negligence, bad faith, or willful misconduct.

30.    In the event of any inconsistency among the Engagement Letter, Independent Manager Agreement Letter or as applicable, the Motion, the Baumgartner Declaration, or the Warshauer Declaration, this Order shall govern.

31.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

32.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

34.    The Debtors and the Independent Director are authorized and empowered to take all actions necessary to implement the relief granted in this Order

35.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order, the Stipulation, the Engagement Letter, and the Independent Director Agreement.