**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                        :
                                                                                  :          Chapter 11
BROADBAND TELECOM, INC., *et al.*, [1]       :
                                                                                  :          Case No. 25-73095 (AST)
                                                                                  :
                                                                                  :          (Joint Administration Requested)
                                                                                  :
                                    Debtors.                    :
-----------------------------------------------------------x

**DECLARATION OF JOHN D. BAUMGARTNER IN SUPPORT OF THE MOTION TO APPROVE (I) RETENTION AND EMPLOYMENT OF ROBERT WARSHAUER AS INDEPENDENT DIRECTOR TO THE DEBTORS NUNC PRO TUNC TO AUGUST 21, 2025; (II) RETENTION AND EMPLOYMENT OF JOHN D. BAUMGARTNER AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATES; AND (II) APPROVING AND SO ORDERING PROPOSED STIPULATION SETTING FORTH THE TERMS OF AN AGREEMENT BETWEEN THE DEBTORS, SPVs, BANKIM BRAHMBHATT, AGENT, AND LENDERS**

I, JOHN D. BAUMGARTNER, declare, pursuant to section 1746 of Title 28 of the United States Code, as follows:

1. I am a Managing Director of Getzler Henrich & Associates LLC ("Getzler Henrich"), a financial advisory firm with an office located at 295 Madison Avenue, 20th Floor, New York, NY 10017. I submit this declaration (the "Declaration") in support of the Debtor's motion (the "Motion")[2] seeking entry of an order authorizing and approving (i) retention and employment of Robert Warshauer as Independent Director of the Debtors *nunc pro tunc* to August 21, 2025; (ii) retention and employment of John D. Baumgartner as Chief Restructuring Officer of the Debtors, *nunc pro tunc* to the Petition Date; and (ii) approving and so ordering a proposed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4) Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930).  The location of the Debtor Broadband Telecom, Inc.'s principal place of business is 100 Quintin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the Debtors' service addresses in these Chapter 11 Cases is the same.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

stipulation (the "Stipulation") setting forth the terms of an agreement between the Debtors, certain of their affiliates, Brahmbhatt, Agent, and Lenders, and granting related relief.

2.  Unless otherwise stated in this Declaration, the facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto.  To the extent that any information disclosed herein requires subsequent amendment or modification upon Getzler Henrich's completion of further analysis or as additional creditor information becomes available to it, one or more supplemental declarations will be submitted to the Bankruptcy Court reflecting the same.

**A.   Qualifications**

3.  Getzler Henrich is a middle-market corporate turnaround and restructuring firm that provides strategic financial services in large-scale corporate restructuring transactions, including turnarounds, workouts, crisis management, interim management, corporate restructuring, bankruptcy advisory, Lean-Six Sigma analysis and implementation, and distressed mergers and acquisitions.  Getzler Henrich also assists companies in achieving operational efficiency through process improvement, the implementation of supply chain solutions, sales and marketing effectiveness, technology advisory, and transaction advisory services.

4.  Getzler Henrich is one of the oldest and most respected names in middle-market corporate restructuring, assisting companies all over the world with their unique approach that emphasizes rapid and pragmatic decision making.  Since its founding in 1968, Getzler Henrich has developed a strong track record, assisting both underperforming and healthy companies.  Getzler Henrich has demonstrated its ability to implement realistic solutions to complex challenges confronting business and their creditors, and to help companies improve their operations.  Getzler Henrich's engagements have spanned a broad spectrum of industries.  Getzler Henrich executes

solutions with unmatched competency and stark integrity and adapts its approach to the specific needs of each individual client to ensure the most practical proposals prevail.

5. Getzler Henrich has been retained to provide restructuring management and other related services in connection with the restructuring of the following companies, among others, in jurisdictions around the country. *See*, *e.g.*, *In re Presperse Corp.*, Case No. 24-18921(Bankr. D.N.J. Oct. 10, 2024); *In re Aztec Fund Holding Inc., et al.*, Case No. 24-90436 (Bankr. S.D. Tex. Sep. 27, 2024); *In re ConnectEdu, Inc., et al.*, Case No. 14-11238 (Bankr. S.D.N.Y. June 16, 2024); *In re SC Healthcare Holdings, LLC*, Case No. 24-10443 (Bankr. D. Del. Apr. 23, 2024); *In re Urban Commons 2 West LLC, et al.*, Case No. 22-11509 (Bankr. S.D.N.Y. Dec. 1, 2022); *In re Hamon Holdings Corp., et al.*, Case No. 22-10375 (Bankr. D. Del. June 10, 2022).

6. I serve as Managing Director of Getzler Henrich and have over 20 years of restructuring, consulting, and corporate finance experience. Specifically, I have been involved with financial and operational restructurings, viability analyses, solvency analyses, valuation of assets and enterprises, asset divestures, and due diligence. My sector expertise includes telecom, manufacturing, distribution, power and utilities, transportation, and retail services, among other areas. Examples of companies which I have served in the CRO role include Ector County Energy Center LLC, (Case No. 22-10320, Bankr. D. Del), Pine Lake Property LP (Case No. 25-90001, Bankr. S.D. Tex), and ENGlobal Corporation (Case no. 25-90083, Bankr. S.D. Tex). Accordingly, I have developed significant relevant experience and expertise that will assist me in providing effective and efficient services in these Chapter 11 Cases.

7. Getzler Henrich was engaged by the Debtor on or around August 12, 2025, to provide crisis and restructuring management services to the soon-to-be Debtors and to designate me as the Debtors' Chief Restructuring Officer in accordance with the terms of the Getzler Henrich

Engagement Letter (the "Engagement Letter").[3] As a result, I have become familiar with the Debtors' corporate and capital structure, management, operations, and various other aspects of their businesses. I have also developed a significant amount of institutional knowledge regarding the Debtors' operations, finances, and systems. I have taken an active role in the Debtors' restructuring efforts. On the basis of this experience and knowledge, I am uniquely positioned and well-qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

**B.     Services to be Provided**

8.      Subject to Court approval of this Motion and consistent with the terms of the Engagement Letter, I will provide such turnaround management services as I and the Debtors, through the Independent Director, deem appropriate, including but not limited to the following:

  a) Assess, monitor, and manage operations and recommend and implement the restructuring or wind down of operations as appropriate;

  b) Oversee any Section 363 sale process;

  c) Assist with the preparation of Court motions as requested by counsel;

  d) Assist with compliance with the reporting requirements of the Bankruptcy Code, the Bankruptcy Rules, and local rules, including preparation of reports, monthly operating statements, and schedules;

  e) Assist with the preparation of business plans and financial projections, and analysis of alternative operating scenarios;

  f) Participate in Court hearings and, if necessary, provide testimony in connection with any hearings before the Court;

  g) Consult with all other retained parties, secured lender (if any), creditors' committee (if any), and other parties-in-interest;

  h) Assist the Independent Director with the investigation and pursuit of potential causes of action of the Debtors and their respective estates and of the SPVs and,

---

[3] To the extent there is any inconsistency between the summary of the Engagement Letter contained herein and the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

   if they become debtors under the Bankruptcy Code, their respective estates;

   i) Assist with the analysis and reconciliation of claims against the Debtors and other bankruptcy avoidance actions;

   j) Manage and control access to the Debtor's bank accounts, including having signatory authority;

   k) Conduct a review and forensic accounting of the Debtors' historic operations and books and records; and

   l) Perform such other tasks as appropriate and as may reasonably be requested by the Debtor's management, independent director or counsel and agreed to by Getzler Henrich.

9. The Debtors require qualified professionals to render these essential professional services. As noted above, Getzler Henrich and I have substantial expertise in all areas for which it is proposed to be retained.

10. All of the services that I will provide to the Debtors will be undertaken at the request of the Debtors, through the Independent Director, and will be conducted so as to avoid duplicative efforts among the professionals retained in the Chapter 11 Case. I will also use reasonable efforts to coordinate with the Debtors other retained professionals to avoid the unnecessary duplication of services.

**C.    Professional Compensation**

11. Subject to this Court's approval and as set forth in the Engagement Letter, the Debtors and Getzler Henrich have agreed to the following compensation and expense structure (the "Compensation Structure") in consideration for the services to be rendered by Getzler Henrich in these Chapter 11 Cases:

   a) The fee for the CRO Services will be my standard hourly rate of $825 per hour and include the services performed by myself only. Additional Getzler Henrich personnel assisting me will be billed at Getzler Henrich's standard hourly rates as follows:

| | |
|---|---|
| Principal/Managing Director: | $735 - $895 |
| Director/Specialists: | $595 - $795 |
| Associate Professionals: | $225 - $595 |

b) The Debtor shall reimburse Getzler Henrich for reasonable out-of-pocket expenses incurred in connection with the performance of its services. Such expenses include, but are not limited to air travel, meals, local transportation, lodging, parking, delivery services, and photocopying.

12. Because I am not being employed as a professional under section 327 of the Bankruptcy Code, I am not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. On a monthly basis, I will file with the Court and serve on the Office of the United States Trustee and counsel for any official committee appointed in these chapter 11 cases (collectively, the "Notice Parties") a summary fee statement covering work performed for the previous month, which will include the names of and tasks fulfilled by the me and additional personnel assisting me, and itemize any expenses incurred for the relevant period (the "Compensation Report"). Compensation Reports will summarize the services provided and identify the compensation earned and expenses incurred by me for the previous month. Compensation Reports will also summarize the services provided, identify the compensation earned by each officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the Compensation Reports, (ii) contain detailed time entries describing the tasks performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in .5-hour increments and the corresponding charge (time multiplied by hourly rate) for each task.

13. The Notice Parties shall have 10 days after the date each Compensation Report is served on the Notice Parties to object to such Compensation Report. The Compensation Report, my staffing decisions, and all compensation identified in the Compensation Report will be subject

to review by the Court in the event an objection is filed. The compensation provided for in the GH Engagement Letter shall constitute full payment for the services to be rendered to the Debtor by myself and Getzler Henrich in the context of my role as CRO.

14. Prior to the Petition Date, pursuant to the GH Engagement Letter, Brahmbhatt paid a retainer of $350,000 to Getzler Henrich, which will be applied against monthly invoices, until depleted, at which point the Debtors will replenish the retainer with an additional $150,000 retainer deposit.

15. The Compensation Structure described above is comparable to compensation for turnaround management services, both in and out of court. The Compensation Structure is also consistent with mine and Getzler Henrich's normal and customary billing practices for cases of this size and complexity that require the level and scope of services outlined. The Compensation Structure is reasonable and at favorable market rates.

**D.    Getzler Henrich's Disclosure Policies and Disinterestedness**

16. In connection with my retention by the Debtor, I have requested and obtained from Debtors' counsel a list of interested parties (the "Potential Interested Parties List"), including:

   (a) the Debtors-in-Possession;

   (b) the Debtors' current members, directors, and officers (to the extent applicable) and certain of their most significant business affiliations, as provided to me by the Debtors;

   (c) the Debtors' principal secured creditors, as provided to me by the Debtors;

   (d) the Debtors' creditors and interested parties, as provided to me by the Debtors; and

   (e) the Debtors' employees and various other potential parties-in-interest, as identified by the Debtors.

17. Getzler Henrich ran the Potential Interested Parties List through the relationship base of Getzler Henrich and its affiliates, which contains information regarding past and present representations and transactions of Getzler Henrich and its affiliates. Based on that search, I hereby represent that, to the best of my knowledge, I know of no fact that would present a conflict of interest for me or Getzler Henrich with regard to its proposed engagement.

18. Insofar as I have been able to ascertain from my review of the Potential Interested Parties List, to the best of my knowledge, and other than as described herein, neither I, Getzler Henrich, nor its affiliates: (i) has represented the Debtors' creditors, equity holders, or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, in any matters relating to the Debtors or their estates; or (ii) has any connection with the Debtors in these chapter 11 Cases, or any interest materially adverse to the interest of any class of creditors or equity holders by reason of any direct or indirect relationship to the Debtors, or any other parties in interest herein.

19. Getzler Henrich and I have advised numerous clients, past and present, which are located throughout the world, in a variety of industries. Such clients may include certain of the persons or entities that are identified as creditors of the Debtors. It is also possible that some past or present clients of Getzler Henrich may have some connection to, or are creditors of, the Debtors. Nevertheless, insofar as I have been able to ascertain based on the results of the foregoing, to the best of my knowledge, other than as described herein and except for the Debtors, I and Getzler Henrich have not advised any party in interest in connection with these Chapter 11 Cases.

20. Getzler Henrich and I are involved in numerous cases, proceedings, and transactions involving many different attorneys, accountants, CROs and financial consultants, some of whom may represent claimants and parties in interest in these Chapter 11 Cases.

Moreover, Getzler Henrich has in the past, and may in the future, be represented by several attorneys and law firms, some of which may be involved in these Chapter 11 Cases. Finally, Getzler Henrich and I have in the past, and will likely in the future, be working with or opposite other professionals involved in these Chapter 11 Cases with respect to matters wholly unrelated to these Chapter 11 Cases. Based on our current knowledge of the professionals involved in these Chapter 11 Cases and to the best of my knowledge, none of these business relationships constitute interests adverse to the estates in matters upon which I or Getzler Henrich is to be employed and none are in connection with these Chapter 11 Cases.

21. As indicated, if Getzler Henrich or I discover any information that is contrary or pertinent to the statements made herein, I will promptly disclose such information to the Court through a supplement or amendment to this Declaration. I do not advise, have not advised, and will not advise any entity other than the Debtors in matters related to these Chapter 11 Cases. Getzler Henrich and I will, however, continue to provide professional services to entities or persons that may be creditors of the Debtors or parties in interest in these Chapter 11 Cases, provided that such services do not relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

22. As of the date of this Declaration, Getzler Henrich and I do not hold any claim against the Debtors.

23. Based on the foregoing, except as otherwise set forth herein, to the best of my knowledge, information and belief, prior to this engagement, Getzler Henrich and I (i) are not a creditor, equity security holder or an insider of the Debtors and (ii) are not or were not, within two years before the engagement, a director, officer, or employee of the Debtors. For the reasons set forth above, I and Getzler Henrich are a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors' estates.

24. No agreement or understanding exists between me, Getzler Henrich, and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 11 Cases.

25. The foregoing constitutes my statement pursuant to Bankruptcy Rule 2014(a).

[Signature Follows]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 22nd day of August, 2025 in Houston, Texas.

*John D. Baumgartner*

John D. Baumgartner