UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                    :
                                                         :         Chapter 11
BROADBAND TELECOM, INC., *et al.*, [1]                   :
                                                         :         Case No. 25-73095 (AST)
                                                         :
                                                         :         (Joint Administration Requested)
                                                         :
                         Debtors.                        :
---------------------------------------------------------x

**DECLARATION OF ROBERT WARSHAUER IN SUPPORT OF DEBTORS' MOTION TO APPROVE (I) RETENTION AND EMPLOYMENT OF ROBERT WARSHAUER AS INDEPENDENT DIRECTOR TO THE DEBTORS NUNC PRO TUNC TO AUGUST 21, 2025; (II) RETENTION AND EMPLOYMENT OF JOHN D. BAUMGARTNER AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATES; AND (II) APPROVING AND SO ORDERING PROPOSED STIPULATION SETTING FORTH THE TERMS OF AN AGREEMENT BETWEEN THE DEBTORS, SPVs, BANKIM BRAHMBHATT, AGENT, AND LENDERS**

Pursuant to 28 U.S.C. 1746, I, Robert Warshauer, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an experienced, consensus building executive with 35 years of unique operational, financial and investment banking expertise with both public and private companies in a wide range of industries. I have worked with boards of directors, management teams and creditors on all aspects of capital markets transactions, including restructurings, refinancings and M&A.

**2.** I am familiar with the matters set forth herein and make this declaration (the "Warshauer Declaration") in support of the *Debtors' Motion to Approve (i) Retention And*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4) Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930). The location of the Debtor Broadband Telecom, Inc.'s principal place of business is 100 Quintin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the Debtors' service addresses in these Chapter 11 Cases is the same.

*Employment of Robert Warshauer as Independent Director to The Debtors Nunc Pro Tunc to August 21, 2025; (ii) Retention and Employment of John D. Baumgartner as Chief Restructuring Officer of the Debtors, Nunc Pro Tunc to the Petition Dates; and (ii) Approving And So Ordering Proposed Stipulation Setting Forth the Terms of an Agreement Between the Debtors, SPVs, Bankim Brahmbhatt, Agent, and Lenders* (the "Motion") pursuant to the terms and conditions of that certain Independent Director Agreement, dated August 21, 2025 (the "Independent Director Agreement") between myself and the Debtors. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify completely thereto.

## QUALIFICATIONS

1. I have over 35 years of experience in providing financial and investment banking expertise and I have held numerous roles on various boards of director and executive management positions. Specifically, as set forth in my curriculum vitae, I have served as an Independent Director or on the Board of Directors on over 25 companies, including the following companies:

- **Runway Growth Capital, NY,** (NASDAQ:RWAY) Independent Director, March 2025 – Present Specialty finance company focused on providing flexible capital solutions to late-stage and growth companies seeking an alternative to raising equity

- **Desktop Metal Corp, MA,** (NYSE: DM) Independent Director, April 2025 – Present Leading 3-D printing and additive materials manufacturer serving the aerospace, automotive, medical and consumer industries

- **Synthego Corporation, CA,** Independent Director, April 2025 – August 2025 Industry leading supplier of CRISPR cell and gene solutions and gene editing therapies aimed at eradication of diseases and improved outcomes in therapeutic treatments

- **Accuride Corporation, MI,** Independent Director, January 2025 – March 2025 Leading supplier of steel and aluminum wheel end systems to the global commercial vehicle market

- **KAL Freight, Inc, Arlington, TX,** Independent Director, November 2024 – April 2025

Fast growing trucking company that offers a complete range of transportation and logistics, and trailer leasing services to diverse industries across the US

- **ZIPS Car Wash, Plano, TX,** Independent Director, October 2024 – Present
  The largest privately held car wash operator in the country with more than 275 locations across 23 states providing the highest quality express tunnel car wash in the industry

- **Worldwide Machinery, Houston, TX, Independent Director**, September 2024 - Present
  Supplier of large heavy earthmoving and pipeline laying equipment across the globe for sale, lease, and long-term rental

- **Chicken Soup for the Soul Entertainment, CT, (**NASDAQ:CSSE) Independent Director, May 2024 - July 2024
  Publicly traded entertainment and media company as a premium provider of ad supported video-on-demand, owner of 50,000 content titles and 29,000 retail video kiosks

- **Powermat Technologies, Inc. Tel Aviv, Israel,** Board of Directors June 2020 - October 2022
  Global provider of wireless charging platforms to consumers worldwide

- **Global Knowledge Inc, Cary, NC,** Independent Board of Directors June 2020 – June 2021
  World's leading technology skills training provider, supporting major tech enterprises & professionals

- **Redbox Entertainment, Inc, New York, NY,** (NASDAQ:RDBX) Board of Directors April 2022 - July 2022 Leading video on-demand streaming and video rental company

- **UniTek Global Services, Blue Bell, PA (NASDAQ: UNTK),** Board of Directors 2015 - 2018
  Fully integrated solutions provider, offering systems integration to cable, satellite carriers.

2. I believe that I am qualified to provide services to the Debtors in these chapter 11 cases as an Independent Director.

## DISINTERESTEDNESS

3. In connection with my proposed retention by the Debtors in these chapter 11 cases, I undertook to determine (a) whether I had any relationships that might cause me not to be disinterested or to hold or represent an interest adverse to the Debtors and (b) all "connections" (as

3

such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, the United States Trustee or any person employed in the Office of the United States Trustee (the "U.S. Trustee").

4. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, other than in connection with these chapter 11 cases, I do not have any connection with the Debtors, their creditors, the U.S. Trustee, or any other party with an actual or potential interest in these chapter 11 cases, or their respective attorneys or accountants, except as set forth below:

(a) I am not employed by, and have not been employed by, any entity other than the Debtors in matters related to these chapter 11 cases.

(b) As described below, I have undertaken a detailed search to determine, and to disclose, whether I am providing or have provided services to any significant creditor, equity security holder, insider, or other party-in-interest in such unrelated matters.

(c) I provide services in connection with numerous cases, proceedings, and transactions unrelated to these chapter 11 cases. Those unrelated matters involve numerous attorneys, financial advisors, and creditors, some of which may be claimants or parties with actual or potential interests in these chapter 11 cases or may represent such parties.

(d) In the ordinary course of business, I may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent creditors or other interested parties in these chapter 11 cases.

5. I searched my client database to determine whether I had any relationships with the following (collectively, the "Interested Parties"), or their representatives as potential parties-in-interest (collectively, the "Potential Parties in Interest"), the results of which, with details describing any connections are listed below in paragraph 6:

(a) the Debtors-in-Possession;

(b) the Debtors' current members, directors, and officers (to the extent applicable) and certain of their most significant business affiliations, as provided to me by the Debtors;

(c) the Debtors' principal secured creditors, as provided to me by the Debtors;

(d) the Debtors' creditors and interested parties, as provided to me by the Debtors; and

(e) the Debtors' employees and various other potential parties-in-interest, as identified by the Debtors.

6. I have previously been engaged in matters where the Lenders had loans or investments, but no such matters have involved any of the Debtors or their affiliates.

7. Based on that search, I represent that, to the best of my knowledge, I know of no fact or situation that would represent a conflict of interest for me with regard to the Debtors.

8. In addition, I have no connection with any judge in this Court or at the Court's Clerk's office. Moreover, I have no connection with anyone in Honorable Chief United States Bankruptcy Judge Alan Trust's chambers or anyone connected with the U.S. Trustee for Region 2.

9. I submit that there are no simultaneous or prospective engagements existing, including that on behalf of the Debtors, which - if the Motion is granted - would constitute a conflict or adverse interest as to the matters for which I will be employed by the Debtors, nor would I staff any post-petition matter with personnel that would create a conflict or adverse interest to these matters.

10. I provide operational, financial and investment banking expertise specifically in the areas of capital markets transactions, restructurings, refinancings and M&A. As a result, I have represented, and may in the future represent, certain interested parties in matters wholly unrelated to these chapter 11 cases, either individually or as part of representation of a committee of creditors or interest holders.

11. I am a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code, given that, to the best of my information and belief, I:

(a) am not a creditor, an equity security holder, or an insider of the Debtors;

(b) am not and was not, within two years before the commencement of these chapter 11 cases, a director, officer, or employee of the Debtors; and

(c) did not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

12. Despite the efforts described above to identify and disclose my connections with parties in interest in these chapter 11 cases, I am unable to state with certainty that every client relationship or other connection has been disclosed. In that regard, if I discover additional information that requires disclosure, I will file a supplemental disclosure with the Court.

## **COMPENSATION**

13. The compensation structure set forth in the Motion is consistent with my typical fees for work of this nature. The fees are set at a level designed to compensate me fairly for my responsibilities as Independent Director and to cover fixed and routine overhead expenses. It is my policy to charge my clients for all disbursements and expenses incurred in the rendition of services.

14. Upon Bankruptcy Court approval of the Independent Director Agreement, the Debtors will pay me $45,000 per month, commencing on August 20, 2025, or such other date provided by order of the Bankruptcy Court, payable on the first business day of each month, plus reimbursement of reasonable out-of-pocket expenses incurred in connection with director services rendered by me.

15. I reserve the right to supplement this Declaration in the event that I discover any facts bearing on matters described in this Declaration regarding my employment by the Debtors.

16. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 22nd day of August, 2025 in New York, New York.

_____
ROBERT WARSHAUER