**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Brendan M. Scott
Andrew C. Brown
Kevin B. Collins

*Proposed Counsel to the Debtors and*
  *Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                               :
                                                    :          Chapter 11
BROADBAND TELECOM, INC., *et al.*, [1]   :
                                                    :          Case No. 25-73095 (AST)
                                                    :
                                                    :          (Joint Administration Requested)
                                                    :
                      Debtors.              :
---------------------------------------------------------x

**DEBTORS' *EX PARTE* MOTION TO SHORTEN TIME WITH RESPECT TO THE
HEARING ON THE DEBTORS' MOTION TO APPROVE (I) RETENTION AND
EMPLOYMENT OF ROBERT WARSHAUER AS INDEPENDENT DIRECTOR TO
THE DEBTORS *NUNC PRO TUNC* TO AUGUST 21, 2025; (II) RETENTION AND
EMPLOYMENT OF JOHN D. BAUMGARTNER AS CHIEF RESTRUCTURING
OFFICER OF THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE; AND
(III) APPROVING AND SO ORDERING PROPOSED STIPULATION SETTING
FORTH THE TERMS OF AN AGREEMENT BETWEEN THE DEBTORS, SPVS,
BANKIM BRAHMBHATT, AGENT, AND LENDERS**

**TO THE HONORABLE ALAN S. TRUST,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4) Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930).  The location of the Debtor Broadband Telecom, Inc.'s principal place of business is 100 Quintin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the Debtors' service addresses in these Chapter 11 Cases is the same.

The Debtors, by and through their counsel, Klestadt Winters Jureller Southard & Stevens, LLP, submits this *ex parte* motion (the "Motion to Shorten Time") for an order, substantially in the form annexed hereto as **Exhibit "A"**, pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1 of Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), shortening the time with respect to the hearing on the Debtor's *Motion to Approve (I) Retention and Employment of Robert Warshauer as Independent Director to the Debtors Nunc Pro Tunc to August 21, 2025; (II) Retention and Employment of John D. Baumgartner as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to the Petition Date; and (III) Approving and So Ordering Stipulation Setting Forth the Terms of an Agreement Between the Debtors, SPVs, Banim Brahmbhatt, Agent and Lenders* (the "Motion to Approve")[2]. In support of the Motion to Shorten Time, the Debtors submit the Declaration of Tracy L. Klestadt, dated August 22, 2025 ("Klestadt Declaration") which is attached as **Exhibit B**.  In support of this Motion to Shorten Time, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1 of Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Approve.

## BACKGROUND[3]

3.      On August 12, 2025, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

4.      The Debtors continue to operate the businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    The Debtors have requested joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

5.      No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.

### A.  The Debtors:

#### i.        The BB Debtors

6.      Broadband Telecom and Bridgevoice each own 50% of the equity interests in BB Capital SPV, LLC ("BB Capital").  BB Capital's main operational focus is to hold loans and provide factoring services to Broadband Telecom and Bridgevoice.

7.      Broadband Telecom and Bridgevoice are wholly owned subsidiaries of BB Carrier LLC (the "BB Carrier"), and were incorporated under the laws of the state of California and Delaware on March 14, 2005 and August 25, 2008, respectively.

8.      Broadband Telecom and Bridgevoice provide voice termination services across the world. Operations mainly consist of a wholesale trading business in which originating telecommunication carriers are interconnected via Voice over Internet Protocol ("VOIP") in which the traffic is routed over the Broadband Telecom and Bridgevoice networks to local service providers and telecommunication carriers in the destination countries with whom they have

---

[3] A more detailed description of the Debtors' businesses and the events surrounding the Chapter 11 Cases is set forth in the Motion to Approve.

established agreements to manage the completion or termination of calls.  Upon providing services, Broadband Telecom and Bridgevoice invoice their customers and thereby generate receivables. BB Capital purchases the receivables of Broadband Telecom and Bridgevoice, thereby providing Broadband Telecom and Bridgevoice with working capital.

9.    BB Servicer LLC ("<u>BB Servicer</u>", and together with BB Capital, and Broadband Telecom, the "<u>BB Debtors</u>") is a wholly owned subsidiary of BB Carrier and was organized under the laws of the state of Delaware.  BB Servicer is a servicer for Broadband Telecom and Bridgevoice.

## ii.        **The Carriox Debtors**

10.    Carriox Telecap and Carriox Towercap are wholly owned subsidiaries of Carriox Holding LLC ("<u>Carriox Holding</u>"), and were incorporated under the laws of the state of Delaware in November 2020.  Carriox Telecap and Carriox Towercap provide factoring services to the wholesale VoIP (Voice over Internet Protocol) carrier industry, SMS carriers, and cell tower infrastructure companies (the "<u>Carriox Factoring Clients</u>") by purchasing from the Carriox Factoring Clients, at a discount, the receivables the Carriox Factoring Clients generate by providing telecom services to their customers.  Carriox Telecap and Carriox Towercap, in turn, sell the receivables they purchase from the Carriox Factoring Clients to Carriox Capital II LLC ("<u>Carriox Capital</u>" and together with BB Capital, the "<u>SPVs</u>"), which is also a wholly owned subsidiary of Carriox Holding.

## B.  Secured Financing

11.    BB Capital and Carriox Capital, as non-debtor Borrower[4], (ii) Bridgevoice and Broadband Telecom, as Receivable Generators, (iii) BB Servicer, (iv) Carriox Telecap and Carriox

---

[4]  Capitalized terms not otherwise defined shall have the meanings ascribed to them in the applicable Credit Agreement or Credit Document or the complaint in the DE Chancery Court Action (defined below).

Towercap, as Factors, and CC Servicers, (v) Alter Domus LLC, as administrative and collateral agent ("Agent"), and (vi) EAVF.SLF CC Leverage SPV LLC; EAVF/SLF BB Leverage SPV, LLC, and AVF III US Aggregator, L.P. (collectively, the "Lenders") entered into that certain Credit Agreement dated as of August 6, 2024 (the "Credit Agreement") providing for a credit facility on the terms and conditions provided therein. [5]   Each of the Debtors has jointly and severally guaranteed the due and punctual performance of all Receivables Generator Obligations and Servicer' obligations pursuant to the Credit Agreement and related documentation.  To secure their obligations under the Credit Agreement, certain of the Debtors granted to Agent, for the benefit of the Lenders, a security interest in substantially all of their assets pursuant to that certain Pledge and Security Agreement, dated as of August 6, 2024 (the "Pledge and Security Agreement").

12.    Brahmbhatt signed a certain "Bad Acts Guaranty, " dated as of August 6, 2024, to guarantee the obligations under the Credit Agreement.  On August 12, 2025, the Agent commenced an action in the Supreme Court, New York, Index No. 654771/2025, to enforce the Bad Acts Guaranty. On the Petition Date, Brahmbatt commenced a case under Chapter 11 of the Bankruptcy Code in this Court, Case No. 25-73100.

13.    On July 21, 2025, the Lenders, with cooperation and approval from Agent, sent a notice pursuant to the Credit Agreement declaring that one or more Events of Default had occurred under Section 8.1 of the Credit Agreement and that one or more Grantor Events of Default had occurred under the terms of the Pledge and Security Agreement; and

---

[5] This is an incomplete summary of the terms of the Credit Agreement.  The full and complete terms are set forth in the Credit Agreement and related agreements.  These facts are for explanatory purposes only, and all rights and defenses to claims under the Credit Agreement are reserved

14.     On July 23, 2025, Agent gave notice of the occurrence of Events of Default, declared the outstanding Obligations under the Credit Agreement to be due and payable, and demanded immediate payment thereof; and

15.     On July 24, 2025, the Lenders commenced an action (the "DE Chancery Court Action") against the SPVs, the Debtors, Brahmbhatt, and Jigar Bhatt (collectively, the "Defendants") in the Court of Chancery of the State of Delaware ("Delaware Chancery Court").

16.     On August 8, 2025, the Delaware Chancery Court issued a temporary restraining order prohibiting the Debtors and SPVs from, among other things, (i) transferring assets, (ii) purchasing receivables and (iii) transacting any business with a value in excess of $5,000, absent consent from the Lenders ("TRO").

17.     The Lenders have expressed concerns and a lack of confidence in the ability of the Debtors' current management to manage the Debtors' day to day affairs and oversee the Chapter 11 Cases.

18.     The Debtors filed these cases prior to responding to the Lenders' complaint in the Delaware Chancery Court.[6]

19.     The Debtors have commenced these cases to provide an opportunity to reorganize their businesses in the face of significant liquidity issues and the threat of pending litigation with the Lenders, who, as noted above, have obtained the TRO, which effectively freezes the Debtors' operations and who have also sought to wrest control of the Debtors from their current management though the appointment of a receiver.

**C.  Stipulation and Proposed Order**

---

[6] All rights under the DE Chancery Court Action, and any claims asserted therein, are reserved, and nothing contained herein shall be deemed to be a waiver of any rights, claims or defenses thereto.

20.       In an effort to get the Chapter 11 Cases on the proper footing and in the spirit of working cooperatively with one of their largest stakeholders, the Debtors met and conferred with the Lenders in an effort to avoid the filing by the Lenders of a motion seeking the appointment of Chapter 11 trustee to administer these Chapter 11 Cases.   After substantial arms-length negotiations, the parties have agreed to the terms of the Stipulation, which provides, *inter alia*, for the appointment of Robert Warshauer as the Independent Manager or Independent Director of the Debtors' as applicable, and provides for the retention of John Baumgartner as the Debtors' Chief Restructuring Officer.[7]   A copy of the Stipulation is attached to the Motion to Approve as Exhibit A.

21.       As set forth in the Stipulation, the Lenders and Agent agree to negotiate in good faith with the Debtors, the SPVs, the Independent Director and the CRO regarding the terms of a stipulation authorizing the use of the Lenders' and Agent's cash collateral, in accordance with Bankruptcy Code Section 363, in the Chapter 11 Cases by the Debtors, and in any bankruptcy cases filed by the SPVs, which may provide for, among other things, use of cash collateral to pay the approved professional fees of the Debtors and the SPVs, the compensation of the Independent Director, and necessary payroll and other expense of the administration of the estates of the Debtors and, if applicable, the SPVs, for an agreed period on agreed terms and conditions, and to pay for reasonable premiums for appropriate directors and officers insurance for the Debtors and for the SPVs if they file bankruptcy cases.

22.       Without an interim agreement on the use of cash collateral with the Lenders, the Debtors will have limited ability to continue their operations under these Chapter 11 Cases.

---

[7] The Stipulation also provides for the retention of Klestadt Winters Jureller Southard & Stevens, LLP as proposed counsel to the Debtor and the retention of Getzler Henrich & Associates, LLC as the Debtors financial advisors. The Debtors anticipate filing separate requests for approval of such retentions.

As such, it is imperative to the Debtors that the Stipulation be considered and approved as set forth in the Motion to Approve on an expedited basis.

23.        As contemplated by the Stipulation, on August 21, 2025, then applicable members, managers, and officers of the Debtors and the SPVs executed written consents and resolutions authorizing the appointment of Mr. Warshauer and Mr. Baumgartner in their respective roles.  Copies of the executed written consents are annexed to the Motion to Approve collectively as <u>Exhibit B</u>**.**

## **<u>RELIEF REQUESTED</u>**

24.        By this Motion to Shorten Time, the Debtors seek to shorten the notice period and fix the date, time and place for an expedited hearing on the Motion to Approve.  Specifically, the Debtors request that the Court set the following dates:

| | |
|---|---|
| Hearing on Motion to Approve | August 28, 2025 at 10:00 a.m. (EDT) |
| Deadline by which to object to the Motion to Approve | August 27, 2025 at 4:00 p.m. (EDT) |

## **<u>BASIS FOR THE RELIEF REQUESTED</u>**

25.        Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c) authorize this Court, for cause shown, to reduce the notice period required for a hearing.  The Debtors submit that ample cause exists for shortening the time as requested herein.

26.        The Debtors and the Lenders, along with other interested parties, have negotiated the proposed Stipulation, which provides for the appointment of the Independent Director and the CRO for the Debtors and non-debtor SPVs, thereby providing independent parties to control and operate the businesses of the Debtors and the SPVs.   As important, it provides a pathway forward to an agreement on the use of cash collateral which is vital to the continued

operations of the Debtors as debtors and debtors in possession, and it is also necessary for these Debtors to reorganize their businesses for the benefit of all stakeholders including any creditors of the estates.

27.        The relief provided in the Stipulation does not prejudice the rights of any parties in interest but instead provides only further stability to these Debtors' businesses and the enhanced ability for the Debtors to take advantage of every available opportunity to reorganize their businesses and affairs.  Any agreement as to the use of cash collateral, whether interim or final, will be schedule for hearing before the Court, pursuant to the applicable rules and notices.  Further, the appointment of independent fiduciaries for the Debtors and the interim pause or stay of the DE Chancery Court Action only benefits the Debtors' estates. There is no downside or prejudice to any party.  It is submitted that the appointment of the Independent Director and the CRO on an expedited basis is necessary for the efficient and successful administration of these Chapter 11 Cases with the view towards a hopeful consensual process to be agreed upon by the various constituents to these Chapter 11 Cases.

28.        Therefore, the Debtors hereby request that the Court enter an order to shorten the notice period with respect to the hearing to consider the Motion to Approve from fourteen (14) days to six (6) days.  In addition, the Debtors are requesting that any objections to the Motion to Approve be filed no later than the day prior to the hearing.

## **NO PRIOR REQUEST**

29.        No previous request for the relief sought herein has been made to this or any other court.

## **NOTICE**

30.      Pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c), the Bankruptcy Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given.

**WHEREFORE** the Debtors respectfully request that the Court enter an order, substantially similar to the proposed order attached hereto as **Exhibit A**, granting the relief requested herein, and granting the Debtors such other and further relief as is just and proper.

Dated:  New York, New York
        August 22, 2025

                           **KLESTADT WINTERS JURELLER
                           SOUTHARD & STEVENS, LLP**

By:  */s/Tracy L. Klestadt*
     Tracy L. Klestadt
     John E Jureller, Jr.
     Brendan M. Scott
     Andrew Brown
     Kevin Collins
     200 West 41st Street, 17th Floor
     New York, New York 10036-7203
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: tklestadt@klestadt.com
             jjureller@klestadt.com
             bscott@klestadt.com
             abrown@klestadt.com
             kcollins@klestadt.com

     *Proposed Counsel to the Debtors*