# <u>Exhibit B</u>

**KLESTADT WINTERS JURELLER**
    **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
John E. Jureller, Jr.
Brendan M. Scott
Andrew C. Brown
Kevin B. Collins

*Proposed Counsel to the Debtors and*
    *Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
In re                                                  :
                                                       :         Chapter 11
BROADBAND TELECOM, INC., *et al.*, [1]    :
                                                       :         Case No. 25-73095 (AST)
                                                       :
                                                       :         (Joint Administration Requested)
                                                       :
                              Debtors.    :
-------------------------------------------------------x

**DECLARATION OF TRACY KLESTADT IN SUPPORT OF DEBTORS' *EX PARTE*
MOTION TO SHORTEN TIME WITH RESPECT TO THE HEARING ON THE
DEBTORS' MOTION TO APPROVE (I) RETENTION AND EMPLOYMENT OF
ROBERT WARSHAUER AS INDEPENDENT DIRECTOR TO THE DEBTORS *NUNC
PRO TUNC* TO AUGUST 21, 2025; (II) RETENTION AND EMPLOYMENT OF JOHN
D. BAUMGARTNER AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS,
*NUNC PRO TUNC* TO THE PETITION DATE; AND (III) APPROVING AND SO
ORDERING PROPOSED STIPULATION SETTING FORTH THE TERMS OF AN
AGREEMENT BETWEEN THE DEBTORS, SPVS, BANKIM BRAHMBHATT, AGENT,
AND LENDERS**

    Tracy L. Klestadt declares, under penalty of perjury, pursuant to 28 U.S.C. §1746, as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4)
Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930).  The location of the Debtor Broadband Telecom,
Inc.'s principal place of business is 100 Quintin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the
Debtors' service addresses in these Chapter 11 Cases is the same.

follows:

1.      I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Eastern District of New York.  I am a partner of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), proposed counsel to the Debtors and Debtors in Possession.  KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, NY 10036.

2.      I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the *ex parte* motion (the "Motion to Shorten Time") for an order, pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1 of Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), shortening the time with respect to the hearing on the Debtor's *Motion to Approve (I) Retention and Employment of Robert Warshauer as Independent Director to the Debtors Nunc Pro Tunc to August 21, 2025; (II) Retention and Employment of John D. Baumgartner as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to the Petition Date; and (III) Approving and So Ordering Stipulation Setting Forth the Terms of an Agreement Between the Debtors, SPVs, Banim Brahmbhatt, Agent and Lenders* (the "Motion to Approve")[2].

3.      Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c) authorizes this Court, for cause shown, to reduce the notice period required a hearing.  As set forth in the accompanying Motion to Shorten Time, the Debtors believe that there are compelling reasons for the Court to shorten the notice period and hear the Motion to Approve on an expedited basis.

4.      The Debtors have commenced these cases to provide an opportunity to reorganize

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Shorten Time or the Motion to Approve, as applicable.

their businesses in the face of significant liquidity issues and the threat of pending litigation with the Plaintiff Lenders, who have obtained a temporary restraining order in the DE Chancery Court Action, which effectively freezes the Debtors' operations and who have also sought to wrest control of the Debtors from their current management though the appointment of a receiver.  A copy of the TRO is attached hereto as <u>Exhibit A</u>.

5.       The Debtors and the Lenders, along with other interested parties, have negotiated the proposed Stipulation, which seeks to appoint the Independent Director and the CRO for the Debtors and non-debtor SPVs, thereby providing independent parties to control and operate the businesses of the Companies.  A copy of the Stipulation is attached to the Motion to Approve as Exhibit A.  Most importantly, it provides a pathway forward to an agreement on the use of cash collateral, which is vital to the continued operations of the Companies as debtors and debtors in possession, and necessary for these Debtors have an opportunity to reorganize their businesses for the benefit of all stakeholders including any creditors of the estates.  The expedited consideration and approval of the Stipulation will allow the Debtors to further their negotiations for use of cash collateral, including as necessary to pay employee wages and compensation.

6.       The relief provided in the Stipulation does not prejudice the rights of any parties in interest but instead provides only further stability to the business and the enhanced ability for the Debtors to take advantage of every available opportunity to reorganize their businesses and affairs. Any agreement as to the use of cash collateral, whether interim or final, will be schedule for hearing before the Court, pursuant to the applicable rules and notices.  Further, the appointment of independent fiduciaries for the Debtors and the interim stay of the DE Chancery Court Action only benefits the Debtors' estates. There is no downside or prejudice to any party.  It is submitted that the appointment of the Independent Director and the CRO on an expedited basis is necessary for

the efficient and successful administration of these Chapter 11 Cases with the view towards a hopeful consensual process to be agreed upon by the various constituents to these Chapter 11 Cases.

7.       Therefore, the Debtors are requesting that the Court shorten the notice period with respect to the hearing to consider the Motion to Approve from fourteen (14) days to six (6) days. In addition, the Debtors are requesting that any objections to the Motion to Approve be filed no later than the day prior to the hearing.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 22, 2025

*/s/ Tracy L. Klestadt*
Tracy L. Klestadt

# **<u>Exhibit A</u>**



## GRANTED

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EAVF/SLF CC LEVERAGE SPV, LLC, | ) | |
| EAVF/SLF BB LEVERAGE SPV, LLC, | ) | |
| and AVF III US AGGREGATOR, L.P., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0859-BWD |
| | ) | |
| BB CAPITAL SPV, LLC, CARRIOX | ) | |
| CAPITAL II LLC, BB SERVICER, | ) | |
| LLC, CARRIOX TELECAP LLC, | ) | |
| CARRIOX TOWERCAP LLC, | ) | |
| BRIDGEVOICE, INC., BROADBAND | ) | |
| TELECOM, INC., BANKIM | ) | |
| BRAHMBHATT, and JIGAR BHATT, | ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] ORDER GRANTING PLAINTIFFS'
### MOTION FOR TEMPORARY RESTRAINING ORDER

WHEREAS, the Court held a hearing on August 4, 2025 regarding Plaintiffs'

Motions for Temporary Restraining Order and Expedited Proceedings (the

"Hearing");

WHEREAS, the Court having considered the Plaintiffs' Motion for a

Temporary Restraining Order to preserve the status quo of BB Capital SPV, LLC,

Carriox Capital II LLC, BB Servicer, LLC, Carriox Telecap LLC, Carriox Towercap

LLC, Bridgevoice, Inc., and Broadband Telecom, Inc. (collectively, "Entity

Defendants") in the above-referenced action, and the Court having found good cause

therefore,

For the reasons stated by the Court at the Hearing, IT IS HEREBY ORDERED, on this ___ day of August, 2025, as follows:

1.      Plaintiffs' Motion for Temporary Restraining Order is GRANTED IN PART.

2.      This Order shall be effective as of the Hearing on August 4, 2025 and shall remain in full force and effect until such time as a preliminary injunction hearing can be held and an order thereafter entered.

3.      While this Order is effective, Defendants shall not engage in the following conduct without the express written consent of Plaintiffs, which Plaintiffs shall not unreasonably withhold:

(a)     Remove, withdraw, transfer, encumber, or deplete or cause Entity Defendants to remove, withdraw, transfer, encumber, or deplete any of Entity Defendants' assets and funds;

(b)     Transfer or transport any assets of Entity Defendants or cause any assets of Entity Defendants to be transferred or transported from their current ownership and locations (determined as of the time of this Order);

(c)     Purchase or cause Entity Defendants to purchase any receivables;

(d)     Engage in any transaction or series of related transactions by or on behalf of the Entity Defendants valued in excess of $5,000;

(e)    Take any actions which reasonably could cause devaluation of any assets of Entity Defendants.

_____

Vice Chancellor Bonnie W. David

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Bonnie W. David |
| **File & Serve Transaction ID:** | 76826402 |
| **Current Date:** | Aug 08, 2025 |
| **Case Number:** | 2025-0859-BWD |
| **Case Name:** | EAVF/SLF CC Leverage SPV, LLC, et al. v. BB Capital SPV, LLC, et al. |
| **Court Authorizer:** | Bonnie W. David |

**Court Authorizer Comments:**

The Court has reviewed the parties' competing letters filed on August 7, 2025. Plaintiffs' request to restrain the individual defendants from expending personal funds in excess of $5,000 exceeds the scope of the status quo order contemplated at the August 4, 2025 hearing.

**/s/ Judge Bonnie W. David**