**Hearing Date and Time**:
**September 10, 2025 @ 2 p.m.**
**Objection Deadline**:
**September 9, 2025 @ 5 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
In re:

BROADBAND TELECOM, INC., et al.
.
.
                            Debtors.
---------------------------------------------------x

Chapter 11

Case No. 25-73095-ast
(Joint Administration Requested)

### UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' *EX PARTE* MOTION FOR ACCESS AND IN SUPPORT OF MOTION SEEKING ENTRY OF AN ORDER UNDER 11 U.S.C. §1104 DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

TO:    THE HONORABLE ALAN S. TRUST;
          CHIEF UNITED STATES BANKRUPTCY JUDGE:

        WILLIAM K. HARRINGTON, United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and obligations under 28 U.S.C. § 586, objects to the Retention Application and the Access Motion (herein defined) and in support of the application seeking entry of an order under 11 U.S.C. §1104, appointing a chapter 11 trustee represents and alleges as follows:

#### PRELIMINARY STATEMENT

        The Debtors (hereinafter defined) are seeking this Court's authority for two individuals to access the Debtors' corporate premises ("Access Motion") (ECF Docket No. 29). Inherent is the Access Motion, is a back-door application to retain the services of the same individuals, a proposed "Independent Director," and a proposed "Chief Restructuring Officer," as set forth in a previously filed retention application (the "Retention Application,") (ECF Docket

1

No 21).  The Retention Application, demonstrates that the Debtors and the Lenders agree that pre-petition, the Debtors' current management mismanaged the Debtor, that current management cannot perform its statutory functions as debtors in possession and must be ousted.   Since there appears to be clear and convincing evidence that the parties in interest believe that it is appropriate to replace current management,  and the only statutory permissible appointment is that of a chapter 11 trustee, the United States Trustee submits that rather than permitting two individuals access to the corporate premises, or approving the appointment of two individuals selected by the Debtors and the Lenders to operate the Debtors, that the Court order the appointment of a chapter 11 trustee, who is vetted, selected, and approved by the Court. Alternatively, it is requested that the Court exercise its discretion and appoint a chapter 11 trustee as in the best interest of creditors.

## FACTS

1.     On August 12, 2025 (the "Petition Date,"), Broadband Telecom, Inc., BB Servicer, LLC., Carriox Telecap LLC, Carriox Towercap LLC, Bridgevoice Inc., and Broadbank Telecom, Inc. (the "Debtors"), each filed voluntary chapter 11 petitions under title 11 of the United States Code (the "Bankruptcy Code").[1]  The Debtors have sought Court authority to proceed as jointly administrated debtors.  Additionally, the individual, Bankim Brahmbhatt, who upon information and belief, is the Chief Executive Officer of each of the Debtors, filed his personal chapter 11 petition.  The Debtors have also sought to extend the time to file their

---

[1] Based upon the Debtors' application for joint administration, the United States Trustee is filing this pleading in the lead case, rather than in each of the related cases.

schedules.  On September 4, 2025 an *ex parte* Motion seeking access to the Debtors' corporate premises was filed (the "Access Motion) (ECF Docket No.30)[2].

2.        Neither an official committee of unsecured creditors nor a trustee has been appointed. Upon information and belief, the Debtors remain in possession of their assets.  The facts are unclear, as to whether the Debtors are operating their businesses, but it appears that if they are doing so, any operations are being conducted at a substantially reduced level as more particularly explained hereinafter.

3.        Upon information and belief, the Debtors' filings were precipitated by the commencement of a lawsuit in the Delaware Chancery Court, wherein according to the Debtors' Retention Motion, the lenders i.e., EAVF/SLF CC Leverage SPV, LLC, EAVF/SLF BB Leverage SPV, LLC and AVF III US Aggregator,  L.P., (the "Lenders"),   " . . .alleged that the Debtors were engaged in an improper scheme to induce the Lenders to make advances under Credit Agreement." (See Debtors' Motion to Approve (I) Retention and Employment of Robert Warshauer as Independent Director to the Debtors . . . . (II) Retention and Employment of John D. Baumgartner as Chief Restructuring Officer of the Debtors; and (III) Approving and So Ordering Proposed Stipulation Setting Forth the Terms of an Agreement Between the Debtors, SPVS, Bankim Brahmbhatt, Agent and Lenders (the "Retention Application" at ¶ 17 ) (ECF Docket No. 17).

4.        According to the Retention Application, the Delaware Chancery Court, also issued a temporary restraining order prohibiting the Debtors and certain non-debtor entities identified in the moving papers as the "SPVs," from *inter alia*, transferring assets, purchasing receivables and transacting any business with a value in excess of $5,000, absent consent of the

---

[2]ECF Docket References are to the Broadband Telecom, Inc., 25-73095-ast docket.

lenders.  In short, there was sufficient basis for the Chancery Court to essentially shut down the Debtors' complete operation (See Retention Application at ¶ 16) ( ECF Docket No. 17).

5.      By filing the Retention Application on August 22, 2025, an Order to Show Cause to schedule a hearing on reduced notice, together with declarations from each of the proposed professionals, the Debtors sought this Court's approval of a stipulation with the Lenders which would effectively replace current management with two other individuals, Robert Warshauer as an independent director of the Debtors ("Proposed Independent Director"), and John D. Baumgartner of Getzler Henrich & Associates LLC as the Debtors' Chief Restructuring ("Proposed CRO").

6.      The carefully constructed Retention Application  (See ECF Docket No. 17) was supplemented with declarations from Messrs. Warshauer and Baumgartner, explaining in detail the qualifications of each of the proposed individuals (See ECF Docket Nos. 19 and 20), with Mr. Warshauer, as the Proposed Independent Director, seeking to be empowered and granted sole authority to manage the Debtors' chapter 11 cases (See ECF Docket No. 17 at ¶ 26), and Mr. Baumgartner, the Proposed Independent CRO seeking authority to act as the sole independent director with management duties set forth at (See ECF Docket No. 17 at ¶ 37).   The Retention Application also stressed that because neither of the proposed individual professionals are seeking retention under Bankruptcy Code section 327 they will not be obligated to file fee applications (See ECF Docket No 17 at ¶¶ 30 and 41).  However, both individuals will be paid, as set forth at paragraphs 30 and 40 of the Application (See ECF Docket No. 17).

7.      Messrs. Warshauer and Baumgartner's supporting declarations explained their background, experience, explained that they believe they are disinterested, and their compensation requirements (See ECF Docket Nos. 19 and 20).  According to Mr. Baumgartner,

prior to the Petition Date, his firm, Getzler Henrich & Associates LLC entered into an "Engagement Letter," wherein his firm was paid a $350,000 retainer by Brahmbhatt, the Debtors' principal, which amount was applied against monthly invoices, until depleted " . . .at which point the Debtors will replenish the retainer with an additional $150,000 retainer deposit."  (See ECF Document No. 20 at ¶14).

8.    None of the filed documents set forth legal authority cited for the proposed retentions.

9.    Now under the guise of the Access Motion, the Debtors are once again seeking to interject two non-fiduciaries into the reorganization process.  The United States Trustee submits that under the Bankruptcy Cod, the proper mechanism is the appointment of chapter 11 trustee.


**APPLICABLE LAW**

**The Appointment of a Trustee is Required Upon a Finding of
Cause or where it is in the Best Interests of Creditors**

10.    The Bankruptcy Code at section 1104 directs the Court to appoint a chapter 11 trustee at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and hearing

> (1) for cause, including fraud, dishonesty, incompetence, or gross
> mismanagement of the affairs of the debtor by current
> management, either before or after the commencement of the case,
> or similar cause . . .
> (2) if such appointment is in the interests of creditors, any equity
> securities holders and other interests of the estate . . .

11 U.S.C. §1104(a)(1), (a)(2).

11.     "[T]he standard for §1104 appointment is very high . . . "and the movant has the burden of showing by 'clear and convincing evidence,' that the appointment of a trustee is warranted." *In re Bayou Group, LLC* 564 F.3d 541, 546 (2d Cir. 2009) (citing *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y.) *aff'd* 342 B.R. 122 (S.D.N.Y. 2006)).

12.     But, upon a finding of cause, 1104(a)(1) mandates the appointment of a trustee. *Oklahoma Refining Co., v. Blail (In re Oklahoma Refining Co.),* 838 F.3d 1133, 1136 (10th Cir. 1988); *In re V. Savino Oil & Heating Co., Inc*., 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989).

13.     The list of wrongs constituting "cause" is non-exclusive; thus "[f]actors relevant to the appointment of a trustee under §1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).  The "court need not find any of the enumerated wrongs to find cause for appointment a trustee." *Oklahoma Refining,* supra. 838 F. 2d at 1136.  For example, one court ordered the appointment of a trustee after discovering that the debtor's principal had been looting the estate through a kickback scheme in connection with a company hired to perform management services (see In *re Bibo Inc*., 76 F.3d 256 (9th Cir. 1996)).  Yet another court determined that underlying conflicts and self-dealing by management warranted the appointment of a trustee. *In re Embrace Sys. Corp*., 178 B.R. 112 (Bankr. W.D. Mich. 1995).

**The Best Interests of Creditors and Other Parties in Interest May**
**Require the Appointment of a Trustee**

14.    Under Bankruptcy Code section 1104(a)(2) the court shall order the

appointment of a trustee "if such appointment is in the interests of creditors, any equity security

holders, and other interests of the estate. "Section 1104(a)(2) envisions a flexible standard and

gives the district court discretion to appoint a trustee when doing so would serve the parties' and

estates' interests." *In re Eletson Holdings Inc*., 659 B.R. 426, 453 (Bankr. S.D.N.Y. 2024) citing

*In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 90 (Bankr. S.D.N.Y. 2007).  Further, "Ultimately,

'the decision to appoint a trustee rests in the [C]ourt's discretion' and the Court's discretion is

broad." *Id.* (cites omitted)

15.    The legislative history of subsection 1104(a)(2) specifies that the court

may appoint a trustee under subsection (a)(2) even though the party requesting such an

appointment is unable to establish cause under subsection (a)(1).  *Collier's On Bankruptcy*, 16th

Ed. ¶1104.02[3][d] *citing* 124 Cong. Rec. H11, 102 (daily ed. Sept. 28, 1978), reprinted in App.

Pt. 4(f) infra; S17,419 (daily ed. Oct. 6, 1978), reprinted in App. Pr. 49f)(iii) infra.

16.    Subsection (a)(2), requires the Court to examine the interests of all parties,

including creditors and equity, and according to *Collier's*, to engage in a balancing test of the

costs and benefits to determine whether the appointment of a trustee is appropriate.  *Collier's,*

supra, at ¶1104.02[3][d][ii].   If management is functioning there may be little or no benefit to

appointing a trustee, but ". . . when significant tensions are present among the parties or

corporate governance issues arise that place management in a conflict position, appointment of a

trustee may diffuse tension and relieve suspicions about the debtor's managers.  This may be

necessary to a successful completion of plan negotiations and ultimate reorganization of the

case." *Collier's, Id*. (See *Cajun Elec. Power Coop. Inc., v. Central La. Coop., Inc., (In re Cajun*

7

*Power Coop, Inc.*)), 74 F. 3d 599 (5th Cir. 1996) (adopting on rehearing the opinion of dissent in 69 F.3d at 751) *cert. denied*, 519 U.S. 808, 117 S.Ct. 51, 136 L.Ed.2d 15 (1996) (finding that a conflict among cooperative members constituted "cause").

17.     As pointed out by *Collier'*s " . . . the "interests" standard requires a finding that appointment of a trustee would be in the interest of essentially all interested constituencies." *Id.*, supra., at ¶1104.02[3][d][i].

18.     When deciding if a trustee should be appointed under Bankruptcy Code section 1104(a)(2), a court will consider: (1) the debtor's trustworthiness; (2) past and present performance; (3) whether the creditors have confidence in present management; (4) the benefits of appointing a trustee balance against the cost of the appointment.  *In re Eurospark, Indus.*, 424 B.R. 621 (Bankr. E.D.N.Y. 2010) (citing *In re Ionoshpere Clubs,Inc*., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

19.     Courts have appointed a chapter 11 trustee under Bankruptcy Code section 1104(a)(2) when management suffered material conflicts of interest and could not be counted on to conduct an independent investigation of questionable transactions they were involved in (See *In re PrS Ins. Group, Inc*., 274 B.R. 381, 389 (Bankr. D.Del. 2001)). One court found that a lack of confidence in management and a greater likelihood that a planned sale would be consummated with a trustee, justified the appointment of a trustee. (See *In re Euro-Am. Lodging Corp.*, 365 B.R. 421, 432 (Bankr. S.D.N.Y. 2007)). *In re Ridgemour Meyer Properties, Inc*., 413 B.R. 101 (Bankr. S.D.N.Y. 2008), pre-petition actions evidencing management's secrecy and lack of candor was sufficient for the court to appoint a trustee under 1104(a)(2)).

## <u>ARGUMENT</u>

**The Bankruptcy Code provides for only the Appointment of a Chapter 11 Trustee, and the Lenders' Allegations of Sufficiently Alarming Conduct together with the Debtors' Apparent Acquiescence Constitutes Cause Warranting the Appointment of a Trustee.**

20.     The Bankruptcy Code has no provision for the appointment of an Independent Director or a Chief Restructuring Officer. Simply put, other than a debtor in possession, the only estate fiduciary permissible under the Bankruptcy Code is chapter 11 trustee.  The Bankruptcy Code sets forth a procedure for appointing a chapter 11 trustee requiring that  upon the Court's determination of cause or that in the exercise of its discretion, the best interests of creditors would be served by the appointment of a chapter 11 trustee, the United States Trustee shall consult with the parties in interest, vet the potential candidates, and assure that the candidate is disinterested, and bonded (see Bankruptcy Code at section 1104(a)). Thereafter, the United States Trustee requests that the Court approve the United States Trustee's selection (See Bankruptcy Code section 1104 (d) and Rules 2007.1 and 2008 of the Fed. R. Bank Pro.)

21.     In the instant case, the Debtors and the Lenders admit that the creditors do not believe that the current management has the capacity to operate the businesses going forward or to fulfill their statutory functions as debtors in possession.  Moreover, prior to the Petition Date, the Delaware Chancery Court, upon the filing of the complaint, granted the Lenders' motion for a temporary restraining order essentially shutting down the Debtors' operations. Since the Petition Date, the Debtors have apparently scrambled seeking to find a method to provide the requisite corporate leadership, but it appears there has been little progress made towards filing the schedules or financing the Debtors' continued operation, or even obtaining access to the Debtors' corporate headquarters.

22.     The Access Motion, when read together with the Retention Application, seek Court approval of a stipulation appointing the Proposed Independent Director and Proposed CRO and appears to permit the Lenders, who no doubt have a large claim, but may not represent the interests of all creditors and other parties in interest, to exert, at the outset of the case a vast, and perhaps disproportionate, amount of control over the Debtors' operations and prospects for a reorganization. The Debtors' course of action is both contrary to and significantly damages the Bankruptcy Code's carefully constructed methodology for rectifying situations such as the one in the instant case. Simply put, when the Debtors' pre-petition management is incapable of seeing the case through the chapter 11 process because of pre-petition misconduct, the Bankruptcy Code requires the appointment of an independent fiduciary in accordance with the statutory construct. Here, the Lenders are apparently selecting the Proposed Independent Director and the Proposed CRO, rather than the United States Trustee and the Court, and despite filed declarations, it is unclear whether the proposed professionals satisfy the disinterested and adverse interests requirements for the appointment as a chapter 11 trustee.

23.     The United States Trustee submits that not only is there cause for the appointment of a trustee under Bankruptcy Code section 1104(a)(1), but under Bankruptcy Code section 1104(a)(2), best the interests of all constituencies require the appointment of an independent fiduciary.

**It is in the best interest of the creditors to appoint a**
**chapter 11 trustee under Bankruptcy Code §1104(a)(2)**

24.    Even if the Court should not find cause to appoint a chapter 11 trustee, the best interest of all of the creditors and parties in interest requires the appointment of a chapter 11 trustee.

25.    Here, the Debtors' Retention Motion sets forth allegations of management's troubling pre-petition conduct, including what appears to be the Debtors' lack of trustworthiness, and the Lenders' lack of confidence in present managements' ability to shepherd this case through the chapter 11 process. When a creditor's lack of confidence is based upon an objective fact, the court should appoint a chapter 11 trustee  ("[A] creditor's lack of confidence must be based on some objective fact before a court should consider lack of confidence as a factor in considering appointment of a trustee." *In re Sundale Ltd.,* 400 B.R. 890, 910 (Bankr. S.D. Fla. 2009) in accord *In re Morningstar Marketplace, Ltd.,* 544 B.R. 297, 305 (Bankr. M.D. Pa. 2016) ("Lack of confidence must be more than a personal dislike for management and should relate to the objectives of the case.")).

26.    Objectively, as evidenced by the Retention Application, itself, together with the information set forth therein, including the temporary restraining order, the Lenders have lost all confidence in present management and the need to remove present management is undisputed. *Collier's* points out that when the court is considering appointing a chapter 11 trustee under section 1104(b), it is the interests of all interested constituencies that should be the guiding principle. *Id.*, supra., at ¶1104.02[3][d][i].    Here, the Debtors' Retention Application is apparently premised upon the Lenders' wishes.  And while those wishes are relevant, because

11

these cases have been recently filed, it is unclear what would benefit the other creditors and parties in interest.

27.    While it is difficult at this stage of the case to determine whether the balance of costs and benefits among all constituents favors the appointment of a chapter 11 trustee under Bankruptcy Code section 1104(a)(2), based upon the decision of the Delaware Court to severely restrict the Debtors' ability to operate, and the facts set forth in the Access Motion it is submitted that in the exercise of the Court's discretion, the appointment of an independent fiduciary would be in best interests of creditors and parties in interest.

## CONCLUSION

28.    The United States Trustee submits that the Debtors' pre-petition gross mismanagement constitutes cause for the appointment of a chapter 11 trustee. Critically, post-petition, the Debtors and the Lenders' agreement to replace pre-petition management demonstrates the Lenders' distrust with respect to present management's ability to move these cases towards confirmation of a plan of reorganization, and the Debtors' admission that current management must be replaced. The Access Motion in turn validates the need for the appointment of an independent fiduciary.  In short, not only is there cause warranting the appointment of a chapter 11 trustee under Bankruptcy Code section 1104(a)(1). but in the exercise of its discretion, to protect the interests of all constituencies, creditors, patients and employees the cases, it is appropriate for the Court to appoint an independent fiduciary, that is, a chapter 11 trustee under 1104(a)(2).

**WHEREFORE**, it is respectfully requested that Access Motion and the Retention

Application be denied in its entirety and that the Court grant such other and further relief as may

be just and proper.


Dated: Central Islip, New York
        September 8, 2025

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE REGION 2
                                    The Alfonse D'Amato Federal Courthouse
                                    560 Federal Plaza
                                    Central Islip, New York
                                    (631) 715-7800


                                By: ***/s/ Christine H. Black***
                                      Christine H. Black, Esq.
                                      Assistant United States Trustee

**Hearing Date and Time**:
**September 10, 2025 @ 2 p.m.**
**Objection Deadline**:
**September 9, 2025 @ 5 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

BROADBAND TELECOM, INC., et al.
.
.
                                  Debtors.
-----------------------------------------------------x

Chapter 11

Case No. 25-73095-ast
(Joint Administration Requested)
**CERTIFICATE OF SERVICE**

I, Joann C. Lomangino, am employed by the Office of the United States Trustee for the Eastern
District of New York, and hereby certify that on September 8, 2025,  I served a true copy of  the
**United States Trustee's Objection To The Debtors'** *Ex Parte* **Motion For Access And In
Support Of Motion Seeking Entry Of An Order Under 11 U.S.C. §1104 Directing The
Appointment Of A Chapter 11 Trustee**, and such other and further relief as may be deemed just
and proper, to be served by First Class mail in the State of New York, with proper postage
affixed to the persons and entities whose names and addresses appear on the annexed service list
and by electronic mail to the parties at the email address listed on the attached service list.


                                   */s/ Joann C. Lomangino*
                                   Joann C. Lomangino

**<u>SERVICE LIST</u>**

Klestadt Winters Jureller Southard & Stevens, LLP,
200 West 41st Street,
17th Floor,
New York, New York 10036,
Attn: Tracy L. Klestadt


Electronic Mail to :
Tracy L. Klestadt: tklestadt@klestadt.com
John E. Jureller, Jr.: jjureller@klestadt.com
Brendan M. Scott: bscott@klestadt.com