**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                      :
                                                                              :     Chapter 11
BROADBAND TELECOM, INC., *et al.*,<sup>1</sup>       :
                                                                              :     Case No. 25-73095 (AST)
                                                                              :
                                                                              :     (Jointly Administered)
                                                                              :
                         Debtors.                              :
-----------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND RETENTION OF
KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") [2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), for entry of an order, pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to employ and retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as their general bankruptcy counsel; and upon the declaration of Tracy L. Klestadt, dated September 22, 2025 (the "Klestadt Declaration"), which is attached to the Application as Exhibit A; and it appearing that KWJS&S represents no interest adverse to the Debtors' estates, that KWJS&S is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estates;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) BB Servicer, LLC (3400); (2) Carriox Telecap LLC (4403); (3) Carriox Towercap LLC (1520); (4) Bridgevoice, Inc. (9499); and (5) Broadband Telecom, Inc. (0930). The location of the Debtor Broadband Telecom, Inc.'s principal place of business is 100 Quentin Roosevelt Blvd, Suite 503, Garden City, New York 11530, and the Debtors' service addresses in these Chapter 11 Cases is the same.

[2] Capitalized terms used but not immediately defined shall have the meanings assigned to them elsewhere in the Application.

and sufficient notice of the Application having been given, and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent provided herein.

2. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are hereby authorized and empowered to employ and retain KWJS&S, as their general bankruptcy counsel herein *nunc pro tunc* to the Petition Date to provide, *inter alia*, the following services:

    a. advise each Debtor with respect to its rights, powers and duties as a debtor and debtor-in-possession in the reorganization of their businesses and/or liquidation of their assets;

    b. attend meetings, negotiating with representatives of creditors and other parties in interest, advising and consulting on the conduct of the cases, including all of the legal and administrative requirements of reorganizing and/or liquidating under Chapter 11;

    c. take all necessary action to protect and preserve the assets of the Debtors' estates, including prosecuting legal action(s) on behalf of the Debtors, defending any actions commenced against the Debtors' estates, engaging in negotiations concerning litigation in which the Debtors may be involved and objecting to claims filed against their estates;

    d. prepare on behalf of the Debtors such motions, applications, answers, orders, reports, and papers necessary to the administration of their estates;

    e. assist the Debtors in their analysis and negotiations with any third-party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

    f. represent the Debtors at all hearings and other proceedings;

    g. assist the Debtors in their analysis of matters relating to the legal rights and obligations of the Debtors with respect to various agreements and applicable laws;

    h. review and analyze all applications, orders, statements, and schedules filed with the Bankruptcy Court and advising the Debtors as to their propriety;

i.  assist the Debtors in preparing pleadings and applications as may be necessary in furtherance of the Debtors' interests and objectives;

j.  assist and advise the Debtors with regard to their communications to the general creditor body regarding any proposed Chapter 11 plan(s) or other significant matters in these Chapter 11 Cases;

k.  assist the Debtors with respect to consideration by the Bankruptcy Court of any plan(s) prepared or filed pursuant to §§ 1121 and 1189-1191 of the Bankruptcy Code and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s); and

l.  perform such other legal services as may be required and/or deemed to be in the interests of the Debtors in accordance with their powers and duties as set forth in the Bankruptcy Code.

3. The compensation to be paid to KWJS&S shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S.

4. Prior to any increases in KWJS&S's rates for any individual retained by KWJS&S and providing services in these Chapter 11 Cases, KWJS&S shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' notice to the Debtors and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code. KWJS&S shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such

post-petition fees and expenses are approved pursuant to the first order of the Bankruptcy Court awarding fees and expenses to KWJS&S.

5.   No agreement or understanding exists between KWJS&S and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall KWJS&S share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Section 504 of the Bankruptcy Code.

6.   If any new relevant facts or relationships are discovered or arise, KWJS&S will promptly file a supplemental declaration disclosing such facts or connections, as required by Bankruptcy Rule 2014(a).

7.   Notwithstanding anything to the contrary in that certain engagement letter (the "Engagement Letter") between KWJS&S and the Debtors, KWJS&S shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

8.   Notwithstanding anything to the contrary in the Engagement Letter, the Bankruptcy Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

9.   If there is any inconsistency between the terms of this Order, the Application, and the Klestadt Declaration, the terms of this Order shall govern.

Dated: October 3, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge